CITIZENS' SAVINGS & TRUST CO. v. BELLEVILLE & S. I. R. CO.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1907.)

No. 1,358.

1. EQUITY—RIGHT TO RELIEF—LACHES.

A delay of more than 10 years in bringing suit, and beyond the time limited by statute for bringing an action at law, constitutes such laches, prima facie, as will bar relief in equity, unless the delay was excusable under the facts alleged.

2. SAME.

Defendant railroad company issued stock to a county, receiving in payment bonds of the county which it sold but which were afterward adjudged void. The stock was also afterward canceled at suit of a stockholder. Subsequently complainant, which was a holder of certain of the bonds, brought suit against defendant, and obtained a decree adjudging that defendant held the stock issued on account of complainant's bonds in trust for its benefit, and it was then issued to complainant. Prior to such suit, and pending the suit for cancellation of the county's stock, defendant declared and paid a dividend on its other stock, but purposely omitted such stock upon which it denied any liability. In the suit of complainant to compel the issuance to it of stock, it made no claim for such dividend, but more than 10 years after the same had been declared made demand therefor and brought a second suit in equity for its recovery. *Held*, that prima facie such suit was barred by laches, and that the delay was not excused by general averments in the bill of want of knowledge of the dividend of due diligence and concealment by defendant, without the allegation of any facts to support such general averments.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

This appeal is from a decree which dismisses for want of equity a bill filed by Citizens' Savings & Trust Company, as complainant, against the appellee railroad company, upon demurrer to the bill. The suit is for recovery of alleged dividends declared by the appellee upon its stock, whereof 400 shares were held by it in trust for and equitably the property of the appellant, as adjudicated in a prior suit between the parties. The facts averred in the bill in reference to the stock transactions are substantially the same which are stated, in connection with the opinion of this court, in the above-mentioned prior litigation, reported as Citizens' Savings & Loan Ass'n et al. v. Belleville & S. I. R. Co., 117 Fed. 109, 54 C. C. A. 495. In reference to the dividends claimed, the averments are in substance: That "on or before the ——— day of ———, 1896," 4,170 shares of common stock had been issued by the appellee, inclusive of the above-mentioned 400 shares transferred to the appellant under the prior decree, and "on said ——— day of ———, 1896," a dividend was declared by the directors of 19 per cent. upon the common stock, and actually paid upon 3,170 shares; that the dividend was not paid upon the appellant's 400 shares, and payment thereof was demanded and refused on July 28, 1905; that the trust in favor of the appellant existed during the years 1896 and 1897, but it was not notified of such declaration of dividend; that the appellee (railroad company) "concealed the same"; and that your orator exercised reasonable diligence, but did not learn of same "until the ——— day of July, 1905."

This bill was filed March 14, 1906. Nine several grounds for demurrer are stated, namely: (1) The remedy, if any exists under the allegations, is complete at law, and jurisdiction in equity does not appear; (2) the dividend, as alleged, was payable before complainant became a stockholder; (3) Perry county is a necessary party, and (4) was the stockholder entitled to the dividend sued for, if any one was entitled thereto; (5) the alleged cause of action did not accrue within five years, and is barred by limitation, and (6) did not

accrue within 10 years limited by statute; (7) laches appears in delay of suit with no facts stated to excuse the delay; (8) the prior decree averred in the bill is res judicata; and (9) full performance thereof appears on the part of defendant.

J. M. Blayney, for appellant.
Blewett Lee, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and SANBORN, District Judge.

SEAMAN, Circuit Judge (after stating the facts as above). The Citizens' Savings & Trust Company, appellant, filed the bill in question to recover dividends upon 400 shares of stock in the appellee railroad company; ownership of such stock having been awarded the appellant, under its former corporate name, in a prior decree between the parties, under mandate from this court. Citizens' Savings & Loan Ass'n v. Belleville & S. I. R. Co., 117 Fed. 109, 54 C. C. A. 495. The decision referred to settled the relation of each to the shares of stock through the original void transactions of Perry county in subscription therefor and issue of bonds in payment, sale of the bonds to the appellant, and use of the proceeds by the appellee for its exclusive benefit; that upon return of the stock by the county to the appellee for cancellation, under an adjudication of invalidity, the purchasers of the bonds became entitled to the benefit thereof; and that the appellant, under its purchase, was entitled to have 400 shares of stock issued accordingly. No rights there involved are reviewable under the present bill, and the question is whether recovery of the alleged dividends upon this stock is authorized in equity, under the facts now averred, in the light of that adjudication. The several grounds of demurrer do not require examination in detail, if the bill is without equity under either of the objections.

For the relief sought, it is averred that the appellee declared a dividend of 19 per cent. upon its common stock on the "——— day of ———, 1896," when 4,170 shares had been issued, of which the "shares now held and owned" by the appellant "are a part," and made payments on 3,170 shares only, thus leaving unpaid the dividends on the shares issued to Perry county (which included the stock in question), canceled on October 25, 1897, under the decree of invalidity above mentioned. It is further averred that the trust declared in favor of the appellant in the prior decree "was in existence during the years 1896 and 1897"; that the appellant was not notified that such dividend was declared, and the appellee "concealed the same"; that the appellant "exercised reasonable diligence, but did not learn of the same until the ——— day of July, 1905"; and that payment was demanded and refused July 28, 1905. This bill was filed March 14, 1906, and the question arises at the threshold whether the suit in equity, if otherwise entertainable, is not barred by the long delay thus disclosed, notwithstanding these vague averments by way of excuse. The objections, both of statutory limitation and laches, are expressly raised by the demurrer, and unless the delay is excusable under the facts alleged, a fundamental requirement of equity for the exercise of its jurisdiction is wanting, and the decree dismissing the bill may well

rest on laches thus appearing (Hardt v. Heidweyer, 152 U. S. 547, 558, 14 Sup. Ct. 671, 38 L. Ed. 548, and authorities reviewed), without pursuing the further inquiry discussed in the arguments, whether the nature of the alleged liability would authorize enforcement in equity.

The maxim of equity jurisprudence, that "equity aids the vigilant, not those who slumber on their rights," must be observed throughout the administration of its remedies (1 Pomeroy's Eq. Jur. [2d Ed.] § 418) ; and it is indisputable—apart from the allegations of trust, to be considered later—that the conceded facts of the time which has run upon the demand in suit impute prima facie laches on the part of the appellant. Without other averments of fact to clear the demand from that imputation, within recognized principles of equity it is plain that no relief can be granted under the bill. Hardt v. Heidweyer, supra.

The events and dates which show the delay may be summarized: In 1870 the bonds were issued by Perry county in exchange for the appellee's stock, and the appellant purchased 40 of these bonds in 1871; interest was paid by the county upon the bonds until 1887, when further payments were refused; and in 1890 the appellant sued the county thereupon, but failed of recovery through adjudication that the bonds were void. Citizens' Sav. & Loan Ass'n v. Perry County, 156 U. S. 692, 15 Sup. Ct. 547, 39 L. Ed. 585. Subsequently (Stebbins v. Perry Co., 167 Ill. 567, 47 N. E. 1048) other parties brought suit against the county for cancellation of the stock received in exchange, and obtained a decree, upon which the shares were canceled October 25, 1897, and returned to the appellee. On April 15, 1898, this appellant, under its former name, brought suit against the appellee to obtain certificates to be issued in its favor for 400 shares of the canceled stock, resulting in a decree accordingly, May 16, 1903, which was subsequently performed by the appellee. The dividends for which recovery is sought, if in any sense applicable to the void issue to the county, were declared long prior to the last-mentioned proceedings on behalf of the appellant claiming an equity in that issue of stock. The bill states this date indefinitely as the "——— day of ———, 1896," although it was conceded upon the argument that the actual date appears of record in books and reports of the railroad company as September 29, 1895. Demand of payment was made by the appellant, as averred, on July 28, 1905, and this suit was not commenced until March 14, 1906. The bill is silent upon any reference in the prior litigation to the benefit of any dividends which may have been earned or declared upon the stock there claimed; and if omitted from that controversy, no explanation appears, unless the above-mentioned general averments that the appellant was not informed of the declaration of a dividend until 1905 are sufficient to that end.

Thus the time which elapsed between the declaration of the dividend and the filing of this bill exceeds 10 years, either under the conceded fact of the actual date of dividend, or under the rule applicable to the indefinite time mentioned in the bill which would require such interpretation. Treated as a cause of action which accrued in favor of the appellant when the dividend was declared, suit for recovery was barred by the statute of limitations in Illinois, whether the obligation is one arising upon implied contract, or in writing under the res-

olution of the directors, as variously designated in the authorities cited, respectively, in the briefs. The provisions referred to are sections 15, 16, c. 83, Hurd's Rev. St. 1905 (2 Starr & C. Ann. Ill. St. 1896, [2d Ed.] pp. 2625, 2631), with the limitations of five years (section 15) "on unwritten contracts, express or implied," and ten years (section 16) "on bonds, promissory notes, * * * written contracts, or other evidence of indebtedness in writing." Assuming that demand and refusal of payment were needful to authorize a suit for the dividend, either at law or in equity, the demand must be made within a reasonable time to save from this bar (Baker v. Brown, 18 Ill. 91, 93, and authorities cited), and unless so made "the claim is considered stale, and no relief will be granted in a court of equity." Codman v. Rogers, 10 Pick. (Mass.) 112, 120; 1 Wood on Limitations (2d Ed.) § 118. These provisions are not controlling, however, upon the question of laches in equity, although the periods of statutory limitation are frequently adopted therein, by way of analogy, as tests of prima facie staleness of the demand.

The rule of negligence above referred to; which forbids aid to stale demands where the claimant "slept on his rights, and shows no excuse for his laches in asserting them," is independent of the statute of limitations, and the tests of laches conform to the principles of equity, not to the rigid rules of the common law which govern the question of limitation. So the mere lapse of time, however important in the consideration, may not amount to laches in the view of equity when other circumstances are shown which exclude the imputation of negligence and laches. The solution in each case rests upon its circumstances, and laches may appear and bar relief, although the delay is less than the period limited by statute. Speidel v. Henrici, 120 U. S. 377, 387, 7 Sup. Ct. 610, 30 L. Ed. 718; Alsop v. Riker, 155 U. S. 448, 460, 15 Sup. Ct. 162, 39 L. Ed. 218; Patterson v. Hewitt, 195 U. S. 309, 319, 25 Sup. Ct. 35, 49 L. Ed. 214.

In so far, therefore, as these statutory periods may serve as criterions of staleness in equity—apart from their force as statutory bars, either in law or equity—it is not essential to determine which period applies to a right of action for dividends in the common-law sense, as the alleged cause of action either accrued more than 10 years before the filing of the bill, or it was then within the power of the appellant to demand and enforce its assumed equities. Nor is it needful to decide the questions discussed in the briefs whether the statute of limitations operates as an independent bar under the averments of trusteeship in respect of stock and dividends. The consideration of laches involves all of these elements, and if facts appear which excuse the delay and free the claimant from fault or neglect therein, with the equities in his favor, he is not chargeable with laches through the lapse of time alone. On the other hand, if such long delay is not thus cleared, within the recognized principles of equity, from the prima facie want of diligence, laches is manifest, and the way of equity is not open for relief, without reference to the force of any statute of limitations.

When the alleged dividend of 1896 (1895) was declared "upon the common stock of the defendant"—with neither express recognition of

the 1,000 shares issued to Perry county as a valid issue or obligation, nor intention to include it therein, averred in the bill—the invalidity of the bonds issued by Perry county in exchange for the stock had been adjudicated and all parties so understood their status. The proceedings to have the stock canceled had long been pending, with cancellation then decreed in the circuit court, and the attitude of the appellee in denial of obligation upon such stock was manifest and unmistakable, not only through such proceeding on behalf of a stockholder, but in the alleged exclusion of such stock from dividend payments. Moreover, this stock was canceled October 25, 1897, under final decision and mandate of the state Supreme Court. The equities subsequently set up and established in favor of the appellant in 400 shares of such stock were manifestly ignored by the appellee at this stage, and left no room for the appellant to rest on the assumption that such equities would be recognized by the appellee, in payment of dividends or otherwise, without suit. Understanding on the part of the appellant to that effect clearly appears in the suit referred to, which was promptly instituted, April 15, 1898, to enforce its alleged equities, and was contested vigorously. Denial of equity in any dividends earned or declared upon the stock was equally manifest in this attitude of the appellee, and the only excuses offered in the present bill for the failure to prosecute a claim for dividends, either in that suit or separately, are the general averments before mentioned: (1) Of want of notice of such dividends; (2) that the appellee "concealed the same"; (3) that the appellant "exercised reasonable diligence, but did not learn of the same" until July, 1905.

The rule is elementary in equity pleading that material facts must be distinctly stated in the bill, not mere deductions of the pleader as to their effect, and without such groundwork of fact these general averments are insufficient. As pointed out and exemplified in the well-considered case of Hardt v. Heidweyer, supra, such averments of ignorance, concealment, and diligence, with no facts stated to test their truth and worth, do not aid the bill, and furnish no escape from the imputed laches arising from the delay. Presumptively, aside from admissions of fact at the bar, the dividend was declared by resolution entered of record, and likewise reported to the Railroad & Warehouse Commission of the state, in due course, as an item within the direction of section 6 of the legislative enactment in force after July 1, 1871, preserved in chapter 114 (section 172) Hurd's Rev. St. 1905 (3 Starr & C. Ann. Ill. St. 1896, p. 3304). In any view, however, no fact is stated which tends to show either suppression, withholding information, reasonable cause for ignorance, or diligence in inquiry or claim. With the fact of dividend declaration thus open to discovery on examination, if not either notorious or inferable under the circumstances, the neglect to make claim for them is without equitable excuse. If the appellant was entitled to an interest in such dividends, through its equities in the stock, it was equally a present right of action, which should have been brought into the suit then commenced; and in no event postponed, in demand and suit, as disclosed in the present bill. If the right arose, as averred, through a trust relation in respect of the stock, the trust was the same which was there disputed and liti-

gated—it rested solely upon the then existing fact, not upon the eventual adjudication—and postponement of the one claim for judicial determination of the other was neither needful nor equitable under the circumstances.

In reference to the general rule that limitations do not run upon claims arising through relations of trust, upon which the appellant relies, the plain disavowal of any such trust by the appellee, as before mentioned—in its insistence upon adverse right to the stock when demanded, if not before—raised the well-recognized exception to such rule, if otherwise applicable to the trust in question, so that reasonable promptness, both in demand and suit, became imperative for equitable relief, and the inaction and delay thereafter "opened the door to the defense of laches." Speidel v. Henrici, 120 U. S. 377, 386, 7 Sup. Ct. 610, 30 L. Ed. 718, and authorities reviewed; Patterson v. Hewitt, 195 U. S. 309, 321, 25 Sup. Ct. 35, 49 L. Ed. 214.

We are of opinion that the averments of the bill disclose gross laches on the part of the appellant, and that no error appears in the dismissal for want of equity. The decree, accordingly, is affirmed.