## UNITED STATES v. FLETCHER et al.

(District Court, D. South Dakota, S. D.   February 29, 1916.)

1. UNITED STATES ⬥⟹133—ACTIONS BY—LACHES.

The principle that the United States is not bound by any statute of limitations, nor barred by any laches of its officers, is applicable only to suits brought in its capacity as a sovereign government to enforce a public right or to assert a public interest.

[Ed. Note.—For other cases, see United States, Cent. Dig. §§ 127, 128; Dec. Dig. ⬥⟹133.]

2. PARTIES ⬥⟹6(1)—NOMINAL PARTIES—REAL PARTIES IN INTEREST.

A court may look beyond the names of the parties to a suit and ascertain the real parties in interest from the facts as they appear in the record.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 6; Dec. Dig. ⬥⟹6(1).]

3. UNITED STATES ⬥⟹133—SUIT BY NOMINAL PARTY—LACHES.

Where a suit by the United States to set aside a patent to land was allowed to stand without action for 35 years before a subsequent purchaser through mesne conveyances from defendant was brought in as a party, and it appeared from the record that complainant had no interest in the land, but that in case it succeeded in the suit the same would be patented to a third person on a homestead entry made before the suit was brought, the laches was such as to constitute a bar to the further prosecution of the suit.

[Ed. Note.—For other cases, see United States, Cent. Dig. §§ 127, 128; Dec. Dig. ⬥⟹133.]

4. EQUITY ⬥⟹67—LACHES—FAILURE TO PROSECUTE SUIT.

The mere institution of a suit does not relieve a party from the charge of laches, but if he fails in its diligent prosecution the consequences are the same as though no suit had been brought.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 191–196; Dec. Dig. ⬥⟹67.]

5. LIS PENDENS ⬥⟹10—OPERATION AND EFFECT—PROSECUTION OF ACTION.

The protection afforded by a lis pendens filed pursuant to statute is lost if the suit is not diligently prosecuted.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 29; Dec. Dig. ⬥⟹10.]

In Equity. Suit by the United States against Nathan R. Fletcher, Hannah Jones, and Charles Gors. Decree for defendants.

Robert P. Stewart, U. S. Dist. Atty., and E. W. Fiske and George Philip, Asst. U. S. Dist. Attys., all of Sioux Falls, S. D.

Alan Bogue, Jr., of Centerville, S. D., and E. E. Wagner, of Sioux Falls, S. D., for defendant Gors.

ELLIOTT, District Judge. This is a suit commenced by the United States, by bill of complaint filed in the United States District Court in and for the territory of Dakota, on the 13th day of January, 1879, against Nathan R. Fletcher, for the purpose of canceling and vacating a patent theretofore issued to him for the N. W. ¼ of section 25, township 97, range 52, in the then territory of Dakota, situated in what is now Turner county, state of South Dakota, alleging fraud on the

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

part of Fletcher in procuring said patent. It is alleged that at the time of final proof Fletcher paid the government price for the land, and that patent was issued therefor on October 5, 1875.

Thereafter an amended bill was filed, making Hannah Jones defendant, alleging that after the date of final proof by Fletcher and before the issuance of said patent she became the purchaser from Fletcher, and held the title to said premises by deed from him. Thereafter an appearance was entered for both defendants, and on the 15th day of November, 1880, the defendant Jones filed her answer in said action, and no further steps were taken in the trial of said cause, except the taking of some depositions in the spring of 1881. Said action was never placed on the trial calendar for trial by either of the parties thereto, and when the territory of Dakota was divided into two states, and the state of South Dakota was admitted into the Union in 1889, the files in said case were included and bundled with other files of the territorial District Court, and conveyed to the city of Sioux Falls, one of the places provided for holding United States District Court in the state of South Dakota. Nothing was done therein until the fall of 1914, when, at the request of Daniel Farnum, hereinafter named, a petition was made to the court and a second amended complaint was filed, making Gors, the present holder of the title, a defendant. Service was had upon the defendant Charles Gors, and he came in and answered, and proofs were submitted upon all of the issues made by the pleadings.

It appears: That said Hannah Jones, on the 23d day of August, 1894, duly sold said premises and by deed transferred the same, by her attorney in fact, William Watts Jones, unto Joseph Allen. That Joseph Allen and wife conveyed the same by a good and sufficient deed, June 13, 1896, unto Joseph Allen. That thereafter an action was commenced in this court, by said Joseph Allen against said Daniel Farnum, to determine adverse claims to said premises, and upon stipulated facts a judgment was, on the 18th day of April, 1896, duly entered in this court, in substance determining that said Allen was the owner in fee of said premises and entitled to the possession thereof, and that said Farnum had no title thereto or right of possession thereof. That said Joseph Allen died, and a decree of distribution, distributing said premises unto his widow, Elizabeth Allen, was duly entered by the county court of the county in which the land was situated, and thereafter, May 28, 1900, said Elizabeth Allen sold and delivered her warranty deed to said premises unto the defendant Charles Gors, all of which deeds are duly recorded in the office of the register of deeds of Turner county, immediately after their respective dates. That Gors now holds the title thereto under and by virtue of said mesne conveyances.

Said lands, on the 18th day of December, 1873, at the date Fletcher filed his pre-emption declaratory statement, were public lands of the United States, subject to pre-emption settlement. It is further undisputed in the record that Daniel Farnum established his residence on the premises described in the bill of complaint April 4, 1874, made his application to enter the same under the homestead laws of the United

States, and has continuously resided upon this land, under that entry, up to the present time.

The answer of the defendant Gors pleads abandonment of the action by the plaintiff, pleads laches on the part of the plaintiff and therefore an estoppel to prosecute this action, and pleads that he was an innocent purchaser for a valuable consideration, with proper denials. I may add that there was offered an index of lis pendens of the county in which the land was situated, showing, in proper columns, the name of the plaintiff, the United States, the defendants Fletcher and Jones, the date of commencing the action, and the description of the premises; but no proof was offered that a lis pendens was on file in the office of the register of deeds, or that it had ever been recorded as required by the law of the state of South Dakota.

Upon the face of this record it seems undisputed that if the plaintiff is to succeed in this action and the patent of Fletcher is canceled, and if this defendant Gors is held not to be an innocent purchaser, the land will become the property of said Daniel Farnum, who has earned the right to make final proof thereon by his continuous residence, and that the government itself has no interest in or to said premises, but is the nominal plaintiff in this case, for the benefit of said Daniel Farnum.

Before considering the somewhat difficult issues that are presented in what may be termed the real defense of the defendant Gors, as to his being an innocent purchaser for value, and the holder of the legal title by mesne conveyance from the original patentee, it becomes necessary to consider the two defenses urged in behalf of the defendant Gors:

(1) That the long delay of 35 years from the institution of this suit to the time of making the defendant Gors a party thereto was, as to him, an abandonment of the suit, and that it therefore placed the plaintiff in the same position as if no suit had ever been commenced at the date of the second amended complaint, December 21, 1914.

(2) That the plaintiff in this suit is guilty of unusual and extraordinary laches—that it has been culpably negligent in failing to prosecute this action, and is estopped and barred by its laches to proceed against the defendant Gors.

These two questions may be considered together, as the same principles are, in my judgment, applicable to both. It is settled that the government of the United States, like an individual, may maintain an appropriate action to set aside its grants and recover property of which it has been defrauded. Generally speaking, the laches of officers of the government cannot be set up as a defense to a claim made by the government. United States v. Beebe, 180 U. S. 343, and citations at page 354, 21 Sup. Ct. 371, 45 L. Ed. 563; United States v. Insley, 130 U. S. 263, and citations at page 266, 9 Sup. Ct. 485, 32 L. Ed. 968. The claims of the United States cannot be treated as stale claims, nor can the defense of stale claim and laches be set up against them. United States v. Dallas Mil. R. Co., 140 U. S. 633, 11 Sup. Ct. 988, 35 L. Ed. 560.

This doctrine is applicable with equal force, not only to the ques-

tion of the statute of limitations in a suit at law, but also to the question of laches in a suit in equity. United States v. Insley, supra; United States v. Beebe, supra. The foregoing rule has, so far as I can find, never been departed from where an action is brought to enforce a public right or to assert a public interest.

In this connection, however, the defendant Gors asserts that the plaintiff in this case is a formal party to the suit, and the real remedy sought in its name is the enforcement of a private right for the benefit of a private party, and no interest of the United States is involved; that, therefore, a court of equity will not be restrained from administering the equities between the real parties by an exemption of the government, which exemption was designed for the protection of the rights of the United States alone, and therefore laches in this case may be charged against the government of the United States. This view has been sustained in United States v. Beebe, 127 U. S. 338, 8 Sup. Ct. 1083, 32 L. Ed. 121.

[1] The principle that the United States are not bound by any statute of limitations, nor barred by any laches of their officers, however gross, is applicable only to a suit brought by the United States as a sovereign government to enforce a public right or to assert a public interest. United States v. Nashville, etc., Ry. Co., 118 U. S. 120, 6 Sup. Ct. 1006, 30 L. Ed. 81. Upon the face of this record Farnum has resided upon this land all of these years since prior to the time Fletcher made his proof, claiming the same under his homestead entry. It was at his request that this suit has been attempted to be revived, and it is for his benefit it is being prosecuted, as the government has already received its price for the land, and the title thereto will vest in Farnum, by final proof under his homestead entry above referred to.

[2] Under these circumstances, I am of the opinion that this case stands upon a different footing and presents a different question than in those cases where the action is brought by the plaintiff as a sovereign government to assert a public interest; that the government is only a nominal complainant party, has no real interest in the litigation, and in effect, in prosecuting this action, it allowed its name to be used for the sole benefit of Farnum, a private person. It has not been unusual for the Supreme Court of the United States to determine the real parties to a suit by reference, not merely to the names in which it is brought, but to the facts of the case as they appear of record. United States v. Beebe, 127 U. S. 344, 8 Sup. Ct. 1083, 32 L. Ed. 121; United States v. Nashville, etc., Ry. Co., supra.

It is therefore not conclusive of the principal question in this case at bar that Farnum is not named as a party plaintiff. Whether he is the actual party must be determined by a consideration of the nature of the case as presented on the whole record, under the peculiar circumstances of the case, and upon the face of this record neither plaintiff nor defendant will contend that there would be any excuse for the prosecution of this action, or that there would ever have been any second amended complaint filed herein, except at the instance of and for the benefit of said Farnum, rather than the prosecution of any interest of the government therein. In re Ayers, 123 U. S. 443, 445,

493, 8 Sup. Ct. 164, 31 L. Ed. 216. The court will look behind and through the nominal parties on the record, to ascertain who are the real parties in interest. New Hampshire v. Louisiana, and New York v. Louisiana, 108 U. S. 76, 2 Sup. Ct. 176, 27 L. Ed. 656.

[3] I am of the opinion that in the case at bar the act of the government, the complainant, in its second amended complaint, filed December 21, 1914, was not for the purpose of asserting a public right in this property in controversy, or protecting a public interest in this property, but merely to form a conduit through which Farnum can proceed against the defendant Gors. Under these circumstances, the rule applicable to laches of officers of the United States has no application to govern this court. The rights of the parties must be decided as in like cases between private litigants. United States v. Beebe, supra.

[4] The court having determined to its satisfaction that this plaintiff does not bring this action as a sovereign government to assert a public interest, that it is only a nominal complainant and has no real interest in the litigation, it comes into this court of equity and prays its decree that the title to the land in controversy be quieted in it. It slept upon its rights for 35 years. It is true it commenced an action, but the mere institution of an action does not relieve the plaintiff of the charge of laches because of its failure to diligently prosecute said action. Northrup v. Browne, 204 Fed. 224, 122 C. C. A. 496.

Plaintiff was not guilty of laches before filing the original bill, but has been guilty of laches in not prosecuting the same with diligence, in that it has failed for 35 years to prosecute the same, after the filing of its bill. The law is well settled that the mere institution of a suit does not relieve a person from the charge of laches, and if he fail in its diligent prosecution the consequences are the same as if no action had been begun. Johnston v. Standard Mining Co., 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480; United States v. Des Moines Navigation & Ry. Co., 142 U. S. 510, 12 Sup. Ct. 308, 35 L. Ed. 1099; Patterson v. Hewitt, 195 U. S. 309, 25 Sup. Ct. 35, 49 L. Ed. 214; Hagerman v. Bates, 5 Colo. App. 391, 38 Pac. 1100; Willard v. Wood, 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531. The doctrine operates, not only as against the filing of a stale suit, but also against the slothful prosecution of a suit seasonably filed. Drees v. Waldron et al., 212 Fed. 93, 128 C. C. A. 609.

I therefore conclude that, while it is undoubtedly true that when the government is the real party in interest and is proceeding simply to assert its own rights and recover its own property, there can be no defense on the ground of laches or limitations, yet where, as in this case, suit is brought in its name to enforce the rights of individuals, and it appearing to the satisfaction of the court that no real interest of the government is involved, the defense of laches on the part of the defendant Gors should be sustained as though the government was out of the case, and the litigation was carried on in name, as in fact, for the benefit of Farnum. Under any view of the facts in this case, it cannot be for a moment claimed that this suit has been prosecuted with diligence, it having been allowed to linger for 35

years, with no steps taken in its prosecution, and the action is therefore, as to defendant Gors, the same as if no action had been begun.

Applying the doctrine of laches to the plaintiff, there is no equity in its claim against the defendant Gors, it does not appeal to the conscience, it is met by an equitable estoppel, it was not prosecuted with reasonable diligence, and a court of equity should not sustain it. Johnston v. Standard Mining Co., supra; State of Iowa v. Carr, 191 Fed. 257, 112 C. C. A. 477.

The plaintiff attaches some importance to the fact that a lis pendens was filed in the office of the register of deeds of Turner county, S. D. By the statutes of Dakota, passed in the year 1885, it was provided that a lis pendens might be filed and recorded in the office of the register of deeds upon the commencement of an action. There is no proof offered in this case that any record was ever made of any lis pendens in this action; only an index to lis pendens was introduced, with nothing of the contents of the lis pendens, except the names of the parties to the action and the date of filing and the premises affected by it. This alleged filing was of the date of March 29, 1880.

[5] To apply the doctrine of lis pendens it was necessary that the suit be continuously prosecuted, and the protection, if any, afforded to plaintiff under the doctrine that this lis pendens record was notice to the world, was lost by failure on its part to prosecute its action with due diligence. Kelley v. Culver's Administrator, 116 Ky. 241, 75 S. W. 273, 25 Ky. Law Rep. 443; Taylor v. Carroll, 89 Md. 32, 42 Atl. 920, 44 L. R. A. 479; Trimble's Lessee v. Boothby, 14 Ohio, 109, 45 Am. Dec. 526.

I repeat that there is no evidence in this case that any notice of lis pendens was filed in the office of the register of deeds and entered as required by section 108 of the Code of Civil Procedure of this state; a simple index having been offered. It is not pretended that this is a compliance with such lis pendens statute, and owing to the failure to prosecute said suit no interest can be claimed by virtue thereof.

Judgment should be entered in favor of the defendant Gors, and against the plaintiff, dismissing said action, and that defendant go hence without day.