## HAIMAN v. STANDARD OIL CO. OF NEW JERSEY.

No. 441.

District Court, S. D. Texas, Houston Division.

March 22, 1938.

Baker, Botts, Andrews & Wharton and J. C. Hutcheson, 3d, all of Houston, Tex., for the motion.

Arthur J. Mandell, of Houston, Tex., for libelant and opposed.

ATWELL, District Judge.

The libelant claims that while he was an employee on the steamship W. H. Libby, a steamship owned by the respondent, he was injured on February 11, 1936. Suit was not filed until November 3, 1937. The respondent claims that when it received notice from the libelant of his claimed injury, it referred the matter to its attorneys, and on April 23, 1936, they conferred with the libelant's attorney, denying liability. The libelant contends that after this meeting of attorneys, there was considerable discussion between them, and that after some delay, no settlement could be effected, and the libelant's attorney sought to convey that information to his client, who had, in the meantime, shipped for Philadelphia. The attorney experienced some delay in locating him. When he did so, the libelant demanded that suit be filed, which was done.

Respondent advises that the reports of the Marine Hospital show that the libelant was discharged on March 13, 1936, with no limitation of motion of lumbar, spine, or muscles; deep pressure causing no pain. That of the four men who were deck hands on the night that the injury is claimed to have been received, the whereabouts of three are unknown, and the fourth has no recollection of either the libelant or of any injury to him.

Suit was filed within the two years provided by the Texas State Statute of Limitation, Vernon's Ann.Civ.St.Tex. art. 5526, respecting actions of that sort.

While admiralty will not suffer a state limitation statute to interfere with an equitable conclusion, and while laches will defeat recovery, even though the time elapsing as the basis therefor is shorter than the statutory period, most of the decisions bearing upon this particular question voice this doctrine in cases where the period elapsed has been longer than the limitation period. Patterson v. Hewitt, 195 U.S. 309,

807

25 S.Ct. 35, 49 L.Ed. 214; Gross v. Tierney, 4 Cir., 55 F.2d 578; Gillons v. Shell Company, 9 Cir., 86 F.2d 600; Westfall Larson & Co. v. Allman-Hubble Tug Boat Company, 9 Cir., 73 F.2d 200; U. S. v. Beebee, C.C., 17 F. 36; Willard v. Wood, 164 U. S. 502, 17 S.Ct. 176, 41 L.Ed. 531; Alsop v. Riker, 155 U.S. 448, 15 S.Ct. 162, 39 L. Ed. 218; Elder Dempster & Co., Ltd., v. Talge Mahogany Co., 5 Cir., 256 F. 65; The Sydfold, D.C., 12 F.Supp. 276; The Kermit, 9 Cir., 76 F.2d 363.

The affidavit which supports the motion fails to disclose any effort to locate the three missing witnesses. There is a registration at the present time of seamen by the Government which might be resorted to for some trace of their whereabouts.

I think we may accept as a fact the thought that seamen, by reason of their avocation, are not stationary employees. They go from port to port and place to place, and the fact that the libelant's attorney was unable to locate him for some little time in order to advise him of his failure to make a settlement should not be used as the basis for laches. Particularly is this true in view of the method of handling business between the attorney for the libelant and the attorneys for the respondent such as this cause and other causes as disclosed by the testimony submitted with the motion and the replication thereto.

Motion to dismiss may be denied.