William Thomas STRALEY, Ruth R. Straley, and William Reynolds Straley, a Minor, By William Thomas Straley, his guardian ad litem, Plaintiffs,

v.

UNIVERSAL URANIUM AND MILLING CORPORATION, a Nevada corporation, Kent Johnson, Louis Stillson, Elmer K. Aagaard, Carl Fisher, Louis D. Smith, Little Star Uranium Co., Inc., a Wyoming corporation, Anschutz Drilling Co., Inc., a Colorado corporation, Defendants and Third Party Claimants (Horace J. Knowlton, Third Party Defendant).

No. 20742.

United States District Court
S. D. California,
Central Division.

March 24, 1960.

Greenbaum, Baker & Ancel, by Mark G. Ancel, Los Angeles, Cal., for plaintiffs.

Robert W. Driscoll, Los Angeles, Cal., for defendant Anschutz Drilling Co., Inc.

Horace J. Knowlton, Salt Lake City, Utah, appeared for himself and all other defendants.

CROCKER, District Judge.

This is a civil action brought by William Thomas Straley, Ruth R. Straley, and William Reynolds Straley, under the

Securities Act of 1933 (15 U.S.C.A. §§ 77a–77aa) to recover the consideration paid for stock sold in violation of the Act. 15 U.S.C.A. § 77e provides that it is unlawful to use the mails or interstate commerce in the sale of certain *unregistered* securities. 15 U.S.C.A. § 77*l* (1) provides that the seller of securities in violation of Section 77e is liable to the purchaser who sues to recover the consideration paid. 15 U.S.C.A. § 77m provides that no action shall be maintained unless brought within one year of the violation.

■ The facts of this case place a question of statutory interpretation novel to the Securities Act before this court, to wit, can the defense of laches bar the remedy of a plaintiff who has proven a claim under 15 U.S.C.A. § 77*l*(1) and has brought his action within the one-year period provided by 15 U.S.C.A. § 77m?

■■ Counsel for plaintiffs has correctly argued that the Securities Act of 1933 created a new cause of action in the plaintiffs, that the limitation of one year provided in 15 U.S.C.A. § 77m is an integral part of the cause of action, and that upon the expiration of one year the right, not merely the remedy, is extinguished. In addition to the cases cited by plaintiffs' counsel, a full discussion of this rule can be found in the opinion of Judge Yankwich in the case of Adams v. Albany, D.C.1948, 80 F.Supp. 876. This court, however, does not agree with counsel for plaintiffs when he concludes that since the one-year limitation is an integral part of the statute that the plaintiffs have an absolute year in which to file their action, which in effect is arguing that facts which transpire within the one-year period and which constitute laches cannot be a defense to this action. The Supreme Court case of Patterson v. Hewitt, 1904, 195 U.S. 309, at page 318, 25 S.Ct. 35, at page 37, 49 L.Ed. 214, sets forth what I believe to be the better view when the Court states: "[W]here the statute is in terms applicable to suits in equity, as well as at law, it is

ordinarily construed, in cases demanding equitable relief, as fixing a time beyond which the suit will not, under any circumstances, lie; but not as precluding the defense of laches, provided there has been unreasonable delay within the time limited by the statute."

■ The intent of Congress in passing the Securities Act of 1933 was to protect innocent purchasers of securities. In accordance with this intent it has been held that a sale in violation of the Act is not void but merely voidable at the option of the purchaser. See A. C. Frost & Co. v. Coeur D'Alene Mines Corp., 1941, 312 U.S. 38, 61 S.Ct. 414, 85 L.Ed. 500. The Securities Act itself is silent as to whether laches can be a defense, but since the remedy provided by the Act is essentially one of rescission the silence of Congress should be construed, in my opinion, as indicating that all existing defenses to a claim for rescission of an agreement which was voidable at its inception, including laches, should apply. Such a construction does not emasculate the legislative purpose or cause noxious consequences: the mere fact that a particular investor's remedy is barred does not mean that private investors worthy of protection are barred.

Having concluded that laches, short of the period provided in 15 U.S.C.A. § 77m is a defense to a claim arising under 15 U.S.C.A. § 77*l*(1), it must now be determined if the plaintiffs are guilty of laches.

■ Laches is not, like limitation, a mere matter of time, but it is principally a matter of the inequity of permitting a claim to be enforced; laches is an inequity founded upon some change in the condition of the property or the relations of the parties. See Galliher v. Cadwell, 1892, 145 U.S. 368, 12 S.Ct. 873, 36 L.Ed. 738; Johnson v. Atlantic G. & W. I. Transit Co., 1895, 156 U.S. 618, 15 S.Ct. 520, 39 L.Ed. 556; Penn Mutual Life Ins. Co. v. City of Austin, 1898, 168 U.S. 685, 18 S.Ct. 223, 42 L.Ed. 626.

The testimony was conflicting on many points,[1] but in regard to the defense of laches the court's findings are that on November 21, 1955, the plaintiffs purchased the stock of Universal Uranium and Milling Corporation (hereinafter referred to as Universal) which is the subject of this lawsuit for 35 cents per share from Clyde Morton, an agent of Universal. In the latter part of January, 1956, Clyde Morton was called before the Securities Exchange Commission in Los Angeles, California, and plaintiff William T. Straley then learned that the stock was sold in violation of the Securities Act and that plaintiffs' money could be refunded if they filed a claim for it. On March 2, 1956, Universal voted to merge with Little Star Uranium Co., Inc. (hereinafter referred to as Little Star) and plaintiffs gave their proxies to Clyde Morton who attended the meeting and voted plaintiffs' stock for the merger. This merger was completed on May 4, 1956 and all of the plaintiffs exchanged their stock in Universal for an equal number of shares in Little Star on July 3, 1956. At the time of this merger stock of Little Star was selling on the open market in Salt Lake City for 50 cents per share. Thereafter, Little Star merged with defendant Anschutz Drilling Co., Inc. (hereinafter referred to as Anschutz) and while none of the plaintiffs voted for this merger they made no objections, and plaintiffs Ruth R. Straley and William R. Straley did exchange their stock in Little Star for stock in Anschutz on October 8, 1956. By early November, 1956 the stock had dropped to a point where it had almost no value and on November 20, 1956, plaintiffs filed this suit for the refund of the consideration they had paid for the original stock.

In the case at bar, volatile mining stock is involved, and persons having property interests of this kind should use the utmost diligence to enforce their claims. The plaintiffs, however, delayed making demands upon defendants until the day before their right to recover the consideration expired, apparently waiting until the eleventh hour to determine the market price of this stock to decide whether it would be to their advantage to keep this stock or to obtain the return of their money. The injury to defendants resulting from plaintiffs' delay is reflected in the fact that if plaintiffs had requested a refund of their money within five or six months after ascertaining that the stock was sold in violation of the Securities Act, defendants could have made the refund without loss, while to make a refund now would cost the individual defendants some $12,000.

From these facts the Court concludes that the plaintiffs waited an unreasonable time after discovering that they could get their money returned before commencing this action and that their claims are barred by laches. Authority for the proposition that a change in value is a sufficient circumstance on which to predicate a finding of laches can be found in the Restatement of Restitutions § 148, Comment (c) which reads in part: "[R]estitution is denied because of laches only because the complainant, with full opportunity to pursue a remedy, delays without adequate reason until, if restitution were granted, the other party * * * might suffer a loss which would not have been occasioned had action been brought with a fair degree of promptness. The hardship upon the other party may be because he would lose something, as where

1. The court's findings of fact would permit all three plaintiffs to recover from all defendants the full consideration paid, plus interest (less $400 which was stipulated to be the value of the stock at the time of tender) upon count One of the complaint, unless their claims are barred by laches. As between the defendants the ultimate responsibility would be that of the five individual defendants as they were "controlling persons" of the defendant, Universal Uranium and Milling Corporation, as defined by 15 U.S.C.A. § 77 (o). The court's findings as to the other count of the complaint are in favor of all of the defendants.

there has been a material change of values in the subject matter, * * *." See also Groesbeck v. Morgan, 1912, 206 N.Y. 385, 99 N.E. 1046, and Patterson v. Hewitt, supra.

 In view of this decision the motion to abate the action as to defendant Carl Fisher, who passed away after filing his answer, but prior to trial, is denied.

It is further ordered that the claim of Anschutz against Horace J. Knowlton, third-party defendant, is denied, and the cross claim of the individual defendants against the three corporate defendants is denied.

 Judgment, therefore, will be for the defendants, that plaintiffs take nothing by their complaint. Costs to be paid by plaintiffs. Findings of fact, conclusions of law and judgment to be prepared by counsel for the defendants under Local Rule 7, West's Ann.Code.