JAMES HOWARD, EDWARD CLINTON, ROBERT KILPATRICK, WILLIAM HARRISON, HARRY KEARNEY, AND MATTHEW VAN DOLINDA, PLAINTIFFS-RESPONDENTS, v. MAYOR AND BOARD OF FINANCE OF THE CITY OF PATERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND BOARD OF HEALTH OF THE CITY OF PATERSON, DEFENDANTS-APPELLANTS.

FREDERICK P. LEE, PLAINTIFF-RESPONDENT, v. MAYOR AND BOARD OF FINANCE OF THE CITY OF PATERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND BOARD OF HEALTH OF THE CITY OF PATERSON, DEFENDANTS-APPELLANTS.

Argued February 5, 1951—Decided February 19, 1951.

374

*Mr. Charles S. Joelson* argued the cause for appellants (*Mr. Charles S. Joelson* and *Mr. George Dimond,* attorneys).

*Mr. Hymen D. Goldberg* argued the cause for respondents.

The opinion of the court was delivered by

WACHENFELD, J. These appeals were taken from the Superior Court, Law Division, Passaic County, to the Appellate Division and were certified here on our own motion. They were filed and briefed separately but were consolidated for argument and will be decided together since identical issues are involved.

The plaintiff Lee is, and has been for more than 27 years, the health officer of the City of Paterson. The other plaintiffs are sanitary inspectors employed by the Paterson Board of Health and all have occupied their positions for more than ten years.

The health officer was originally appointed at a salary of $5,000 in accordance with an established salary range of $5,000 to $7,500. He received yearly increases of $500 until, after five years, he received the maximum salary of $7,500. In 1946, a salary range of $7,500 to $10,000 was established for the position of health officer.

The other plaintiffs were originally appointed at a time when the salary range for sanitary inspectors was $1,620 to $2,160 per year. In 1946, the salary range for this position was increased to $1,800 to $2,400.

R. S. 26:3–25.1 became effective on July 1, 1947, and provided:

"Every health officer and every sanitary inspector, plumbing inspector, food and drug inspector, milk inspector and meat inspector holding a license as such issued in the name of the State Department of Health, who is employed by any municipality or group of municipalities governed by the provisions of subtitle three of Title 11 of the Revised Statutes, shall receive his or her maximum salary in their respective salary ranges, within five years from the date of his or her appointment as such health officer or inspector."

The City of Paterson is a second-class city governed by the provisions of the subtitle referred to. At the time the statute became effective, the salaries of all the plaintiffs were the maximum provided by the salary ranges then in effect for the positions they occupied.

The board of health, on May 12, 1948, adopted a resolution approving a salary range for sanitary inspectors of $2,200 to $3,000 per year and for the health officer, $7,500 to $12,500. These new ranges were submitted to and approved by the State Civil Service Commission. At a subsequent meeting of the board on August 3, 1948, another resolution was adopted making the new salary ranges effective October 1st of that year and providing equal annual increments to bring all the plaintiffs' salaries up to the new maximums by the end of five years.

The plaintiffs brought these actions seeking to have *R. S.* 26:3-25.1 construed to require that their salaries be increased to the new maximums on the effective date of the resolution establishing the new salary ranges and for arrearages computed on the difference between the pay actually received and the newly established maximums. In each case, motion for summary judgment for the plaintiffs was granted.

The defendants contend the salary ranges established in the resolution of May 12, 1948, were invalid because they were established by resolution rather than by ordinance. It is urged, moreover, that the 1947 statute entitles the plaintiffs only to the maximum salary in effect at the time they were appointed to their several positions or, at the most, to the maximum salary provided in the range in effect at the time the statute was passed.

In the case of the sanitary inspectors, the invalidity of the resolution was not made an issue below and ordinarily would not be considered here. The question, however, involves the salaries of public officials and the expenditure of public funds and is therefore one of public policy of which we may take cognizance on appeal. *State v. Taylor,* 5 *N. J.* 474 (1950).

The plaintiffs assert there is adequate authority for establishing salary ranges by resolution to be found in *R. S.* 26:3-19, the pertinent part of which is:

"The local board may employ such personnel as it may deem necessary, including health officers, public health laboratory technicians,

plumbing inspectors, food and drug inspectors, milk inspectors and meat inspectors, of the classes and grades provided for by law, to carry into effect the powers vested in it. It shall fix the duties and compensation of every appointee and, as to local boards which shall not be operating under the provisions of subtitle three, Title 11, Civil Service, of the Revised Statutes, fix the term of every appointee."

True, we have determined that where the statutes are silent as to how delegated powers are to be exercised by municipal bodies, the powers may be exercised either by resolution or by ordinance. *Fraser v. Teaneck,* 1 *N. J.* 503 (1949).

Here, however, there are other statutes circumscribing the fixing and increasing of salaries which provide it must be done by ordinance:

*R. S.* 40:46-23:

"The governing body may, by ordinance, notwithstanding any maximum or minimum limitation fixed by statute, fix and determine the salaries, wages or compensation to be paid to each officer and employee of the municipality who, by law, is entitled thereto."

*R. S.* 40:46-25:

"The governing body may, by ordinance, increase or decrease the salary of such municipal officers as hold their offices during good behaviour or for an indefinite term, but such change may be made only once in any fiscal year."

The board of health is, admittedly, one of the governing bodies referred to in these statutes as it is so defined in *R. S.* 40:42-2.

In *Davaillon v. Elizabeth,* 121 *N. J. L.* 380 *(Sup. Ct.* 1938), the court, reviewing a resolution of the City of Elizabeth which created the position of assistant city clerk, fixed the salary and appointed the person to fill the position, said:

"The legislature has decreed that this delegated power to create municipal offices and positions, and to prescribe the compensation and the duties appertaining thereto, involving as it does an increase of the financial burden of local government, shall be exercised only by ordinance."

Similarly, in *Heil v. Wildwood,* 11 *N. J. Misc.* 171 (*Sup. Ct.* 1933), a resolution of the mayor and board of commissioners reducing the salary of the city clerk was set aside "on the single ground that it was a resolution and not an ordinance," the court saying:

"The law seems to be clear on the subject. The. Home Rule Act (Chapter 152 of the Laws of 1917, page 350) provides in the first section of Article 13 for the fixing of salaries by ordinance, and Chapter 162, Laws of 1929, page 291, seems to prescribe the same method." (*Chapter 152, Laws of 1917, page* 350, is now embodied in *R. S.* 40:46–23.)

In 1923, and again in 1927, the Legislature passed validating acts confirming salaries of municipal employees which had been previously·fixed "by resolution or motion   *   *   * instead of by ordinance." The enactment of such validating statutes confirms the legislative intent that salary ranges must be established by ordinance even though, as subsequently held, increments within the range "might be moved without the formality of a further ordinance." *McKann v. Irvington,* 133 *N. J. L.* 63 (*Sup. Ct.* 1945) ; affirmed, 133 *N. J. L.* 575 (*E. & A.* 1945).

In the light of these cases and of the clear indication of legislative intent, the plaintiffs' theory would require the drawing of a distinction between the governing body of a municipality and the local board of health, exempting· the latter from the provisions of *R. S.* 40:46–23 and 40:46–25 and permitting it to fix salaries without the formality of an ordinance, as is required of the former. We find no authorization in the statutes for such a distinction nor any reasonable or logical basis upon which to predicate it.

We must conclude, therefore—as a matter of law, since we do not control nor attempt to dictate the fiscal policy of a municipality in determining the compensation·to be paid to its employees—that the resolution of May 12, 1948, establishing the new salary ranges, was an invalid attempt to enact by resolution powers which could be exercised only by ordi-

nance, and the plaintiffs cannot recover the increased salaries therein provided.

It·is suggested we interpret the 1947 statute, *R. S.* 26:3–25.1, as it may bear upon the compensation to be paid the plaintiffs in the future. There are, however, unresolved questions in the record before ,us which preclude such action at this time.

Subsequent to the filing of·the complaints in these causes, the board of health adopted an ordinance on September 13, 1950, establishing new and somewhat reduced salary ranges for all the plaintiffs and at the present time they are receiving the maximum salaries therein provided. The plaintiffs claim the ordinance was never lawfully adopted and is invalid for various reasons and they assert it is not an issue and therefore not fully presented and argued.

Whether the ordinance be valid or not, which we do not decide, there would be no issue turning upon the construction of the statute and the point raised in the original pleadings would be moot.

The judgments below are reversed for the reasons herein stated, without costs.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT; WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.