RICHARD GROSSO, *ET AL.*, PLAINTIFFS-RESPONDENTS, v. THE CITY OF PATERSON AND THE BOARD OF FINANCE OF THE CITY OF PATERSON, DEFENDANTS-APPELLANTS, AND BOARD OF HEALTH OF THE CITY OF PATERSON, DEFENDANT.

Argued October 11 and 24, 1960—Decided December 5, 1960.

Mr. *Adolph A. Romei* argued the cause for the appellants (Mr. *Harry L. Schoen,* City Counsel for the City of Paterson, attorney for appellants).

Mr. *Irving I. Rubin* argued the cause for the respondents.

Mr. *Ervan F. Kushner* argued the cause for the defendant Board of Health of the City of Paterson.

The opinion of the court was delivered by

JACOBS, J.    The Law Division entered a judgment in favor of the plaintiffs for the reasons it expressed in *Grosso v. City of Paterson,* 59 *N. J. Super.* 412 (1960). The City of Paterson and its Board of Finance appealed to the Appellate Division and we certified their appeal on our own motion while it was pending there.

The plaintiffs are public health nurses, sanitary inspectors and laboratory personnel, all duly employed by the Board of Health of the City of Paterson. See *N. J. S. A.* 26:3–19. They are in the classified service of the civil service and have permanent status in their respective employments. See *R. S.* 11:22–3 *et seq.* On June 27, 1956 an ordinance was adopted by the Board of Health and approved by the Mayor; it provided that the salary range for permanent sanitary inspectors shall be $3600–$4200 *per annum,* that their annual increments shall be $120, and that upon completion

of five years continuous service they shall receive the maximum specified in the ordinance. On June 11, 1957 another ordinance was adopted by the Board of Health and approved by the Mayor; it provided that the salary range for the permanent position of public health nurse shall be $3400–$4400 *per annum* and that nurses having permanent status in the classified service shall receive yearly increments of $200. On July 9, 1957 a further ordinance was adopted by the Board of Health and approved by the Mayor; it provided that the salary range for laboratory technicians shall be $3200–$4200 *per annum* and that laboratory employees having permanent status in the classified service shall receive yearly increments of $200. See *N. J. S. A.* 26:3–19; *cf. Howard v. Mayor and Board of Finance of City of Paterson,* 6 *N. J.* 373, 376 (1951). The ordinances were forwarded by the Board of Health to the Civil Service Commission which recorded them. *Cf. R. S.* 11:24–4.

On December 10, 1957 the Board of Health adopted a resolution directing payment of the increments due to the plaintiffs under the terms of the ordinances. At the same time it forwarded to the Paterson Board of Finance an estimate of the appropriation which it believed necessary for health purposes; this estimate was in the aggregate amount of $393,752 and included $351,752 for current payroll and increments and $42,000 for other expenses. On December 13, 1957 the clerk of the Board of Finance addressed a letter to the Board of Health acknowledging receipt of the ordinances and advising that the Board of Finance had directed that "no increase in salary shall appear on payrolls submitted by your board beginning January 1, 1958." On March 10, 1958 the Board of Finance adopted its 1958 budget which included an appropriation to the Board of Health in the sum of $318,000 for salaries and $40,000 for other expenses. The $318,000 appropriation for salaries was equal to the amount needed to pay employees on the payroll as of January 1, 1958 without increments; however the entire sum expended for salaries during 1958

amounted to $315,039.03, the difference of $2,960.97 being "accounted for by reason of the fact that two employees of the Board of Health went on maternity leave on September 1, 1958 and two employees resigned as of August 31, 1958 and September 1, 1958." The plaintiffs were paid in 1958 on the basis of their 1957 salaries and received no part of the increments prescribed by the ordinances for 1958.

On August 6, 1958 the plaintiffs filed an action seeking a money judgment for the salary increments which were due them but remained unpaid. They named the Board of Health and the City of Paterson as defendants but the Law Division dismissed the action against the City while granting a summary judgment for $3,169.97 against the Board of Health. See *Grosso v. City of Paterson*, 55 *N. J. Super.* 164 (1959). No appeal was taken, a writ of execution was returned unsatisfied, and on October 20, 1959 the plaintiffs filed their complaint in lieu of prerogative writ in which they sought a judgment (1) ordering the Board of Health to include in its 1960 budget an appropriation to pay the sum due to the plaintiffs, (2) ordering the Board of Finance to approve said appropriation and (3) ordering the City of Paterson to raise the necessary revenue and pay the plaintiffs' judgment. *Cf. Gowdy v. Paterson Board of Education*, 89 *N. J. L.* 137 (*Sup. Ct.* 1916).

After the defendants filed their answer, the plaintiffs moved for summary judgment and on February 2, 1960 their motion was granted by the Law Division. See *Grosso v. City of Paterson*, 59 *N. J. Super.* 412 (1960). On February 4, 1960 the Board of Health adopted a resolution which set forth that it was "agreeable to the payment" of the plaintiffs' judgment; it directed the Board of Finance to appropriate a sufficient sum to be charged to "the account of the Board of Health" and directed the City Comptroller to draw a suitable warrant and the City Treasurer to draw a suitable check. On the same day it addressed a letter to the Board of Finance, the City Comptroller and the City Treasurer and enclosed a copy of its resolution together with

another resolution by the Board of Health which estimated its 1960 budget in the aggregate sum of $426,277, including an item to satisfy the plaintiffs' judgment. On March 14, 1960 the City of Paterson and its Board of Finance filed their notice of appeal from the judgment against them which had been entered in the Law Division.

Although various preliminary procedural matters have been discussed in the briefs, we consider that they may fairly be passed by in order that the single substantive controversy between the parties may forthrightly be dealt with and justly determined. If, as the appellants contend, the Board of Finance was not legally bound to appropriate for the salary increments but could exclude them under the authority of *N. J. S. A.* 26:3–43, then the judgment should be reversed; on the other hand if, as the respondents contend, the Board of Finance was legally bound to appropriate for the salary increments provided for in the ordinances adopted by the Board of Health, then the judgment should be sustained. See *Nolan v. Fitzpatrick,* 9 *N. J.* 477, 482 (1952); *State Department of Civil Service v. Clark,* 15 *N. J.* 334, 337 (1954); cf. *Board of Education of City of Elizabeth, Union County v. City of Elizabeth,* 13 *N. J.* 589, 596 (1953) (dissenting opinion).

In comprehensive enactments, the Legislature established the State Department of Health (*N. J. S. A.* 26:1A–2 *et seq.*) and directed the establishment of local boards of health in the various municipalities. *N. J. S. A.* 26:3–1. See *State v. Mundet Cork Corp.,* 126 *N. J. Eq.* 100, 101 (*Ch.* 1939), affirmed 127 *N. J. Eq.* 61 (*E. & A.* 1940). The local boards of health were vested with broad statutory powers authorizing the adoption of health ordinances (*R. S.* 26:3–64; *Board of Health of Weehawken Tp. in Hudson County v. N. Y. Central R. Co.,* 4 *N. J.* 293 (1950)) and the employment of health personnel. *N. J. S. A.* 26:3–19; *Sagarese v. Board of Health of Town of Morristown,* 27 *N. J. Super.* 400, 402 (*App. Div.* 1953); cf. *Sagarese v. Board of Health of Town of Morristown,* 31 *N. J. Super.* 526, 528 (*Law Div.* 1954).

See also *Zullo v. Board of Health of Woodbridge Tp.*, 9 *N. J.* 431, 435 (1952). They were expressly empowered by *N. J. S. A.* 26:3–19 to employ such persons as they deem necessary and to fix their duties and compensation; and although this court in *Howard v. Mayor and Board of Finance of City of Paterson, supra,* 6 *N. J.* 373, held that the Paterson Board of Health could not establish salary ranges by resolution, it did not question that the Board could do so by ordinance under the authority conferred by *N. J. S. A.* 26:3–19.

Other statutory enactments give recognition to the authority of local boards of health to fix salary ranges with mandatory increments. Thus in *Chapter* 181 of the *Laws of 1947* the Legislature directed that every health officer and licensed sanitary inspector (along with other designated licensed inspectors) employed by any municipality governed by the provisions of the Civil Service Act shall receive the maximum salary in his salary range within five years from the date of his appointment. In *Chapter* 119 of the *Laws of 1950* the Legislature broadened the scope of *L.* 1947, *c.* 181; the statement attached to the bill set forth that its purpose was to extend "the provisions of present law for minimum qualifications, examination, and maximum of salary range after five years of service to public health laboratory technicians in exactly the same manner and in which the law now covers health officers and several types and grades of inspectors." See *N. J. S. A.* 26:3–25.1.

*R. S.* 11:24–4 (originally *L.* 1929, *c.* 160, §§ 1, 2) provides that, in cities of the second class having a population exceeding 125,000 and operating under the Civil Service Act, the salaries paid to officers, clerks and employees in the classified service shall be the amounts presented by the appointing authority and approved by the Commission, "which salaries the Board having charge of the finances of such city, shall raise and pay." The statute provides, further, that if the Commission shall recommend standards for increases of salaries based on length of service, meritorious

action and efficiency, such standards shall be followed and that nothing contained therein shall authorize the decreasing of the salary of any officers, employees or persons holding positions in the city. Paterson comes within the statutory description and when its Board of Health adopted the salary ordinances it forwarded them to the Civil Service Commission which recorded them. An affidavit by the executive assistant of the Civil Service Commission set forth that the Commission's practice has been to record the salary ordinances of the Paterson Board of Health without formal approval on the theory that the appointing authority was "responsible for the establishment and administration of any salary program." But nowhere was there any suggestion of disapproval or that the Board was ever actually called upon by the Commission to take any further steps towards obtaining formal approval. Indeed, in *Howard v. Mayor and Bd. of Finance of City of Paterson, supra,* the resolutions fixing the salary ranges were forwarded to the Commission and dealt with in the same manner as the ordinances here, yet throughout the proceedings and in this court's opinion it was assumed, and indeed expressly stated (6 *N. J.,* at *p.* 376), that the salary ranges had been approved by the Commission.

The foregoing enactments furnish clear and strong legislative support for the view that the Board of Finance was legally bound to appropriate for the salary increments provided for in the ordinances adopted by the Board of Health. It is urged, nevertheless, that the Board of Finance had discretionary authority to refuse an appropriation by virtue of the terms of *N. J. S. A.* 26:3–43. If, as is suggested, there is apparent conflict between *N. J. S. A.* 26:3–43 and the other pertinent enactments, then our judicial function is to seek to reconcile them to the end that the overriding plan and purpose of the Legislature may fairly be effectuated. See *Maritime Petroleum Corp. v. City of Jersey City,* 1 *N. J.* 287, 298 (1949). See also *P. Bronstein & Co., Inc. v. Hoffman,* 117 *N. J. L.* 500, 506 (1937) where Justice Heher had this to say for the Court of Errors and Appeals:

"These statutes are in *pari materia* and are to be construed together so as to effectuate the evident general policy. Separate provisions are to be construed in the light of the statute as a whole. If in conflict, they are to be harmonized and reconciled, so far as possible, to accord with the general legislative intent and purpose."

The origins of *N. J. S. A.* 26:3–43 may be found in *Section* 34 of the *Board of Health Act of* 1887. See *L.* 1887, *c.* 68, *p.* 94; *Grosso v. City of Paterson, supra,* 55 *N. J. Super.,* at *p.* 171. That section provided that the municipal board of health shall present to its governing body an estimate of appropriations for health purposes and that if the estimate was not beyond "a pro rata of five cents for each inhabitant" then it should be allowed "and as much in addition thereto" as the governing body approved. Section 34 was largely embodied in the 1937 statutory revision as *R. S.* 26:3–43. Section 35 of the act of 1887 related specifically to township boards of health and provided that they could expend annually the sum of $100 and in addition thereto $50 for each one thousand inhabitants and that if further amounts become necessary the board of health could so certify to the township committee and with its consent and approval incur such further expenses as may be authorized; the provisions of Section 35 were largely embodied in *R. S.* 26:3–41 and *R. S.* 26:3–42.

In 1943 the Legislature adopted *L.* 1943, *c.* 115 which amended the aforementioned statutory provisions. As there amended, *N. J. S. A.* 26:3–41 now provides that every township board of health shall present an estimate to its governing body of the appropriations which it believes necessary for health purposes and that the "governing body shall appropriate the amount of such estimate or such other amount as it may determine"; and *N. J. S. A.* 26:3–42 now provides that every expenditure of money shall be presented by an itemized bill, approved by the president and secretary of the board of health, to the disbursing officer of the township "who shall pay the same." Similarly, *R. S.* 26:3–43 was amended and now provides that the local board of health

of every municipality other than a township shall present an estimate of the appropriations which it believes necessary for health purposes and that the "governing body shall appropriate the amount of such estimate or such other amount as it may determine." The statement attached to the bill which became *L.* 1943, *c.* 115 contained nothing to suggest any legislative intent which would impair the strength of the position taken by the respondents before this court; on the contrary, it read as follows and if any implication may be drawn it would appear to favor them:

"The purpose of this act is to remove restrictions now imposed upon expenditures for health purposes of local boards of health of townships, and provide for appropriations for said boards independent of census figures. These restrictions were enacted in 1887 before the development of modern health programs and are now outmoded. It also requires local boards of health of townships to submit an annual estimate of funds needed for health purposes in the same manner as is now required of boards of health of municipalities other than townships."

In the light of all of the above, it appears clear to us that *N. J. S. A.* 26:3–43 may not fairly be given the sweep contended for by the appellants. We find no legislative purpose to alter or affect the other cited enactments or to grant power to Paterson's Board of Finance to withhold appropriations for salary increments duly provided for in the Board of Health's ordinances. See *N. J. S. A.* 26:3–19; *R. S.* 11:24–4; *cf. N. J. S. A.* 26:3–25.1. The statutory language to the effect that the governing body shall appropriate the estimated amount "or such other amount as it may determine" may be taken to vest in the Board of Finance a measure of control over the amount to be appropriated to the Board of Health; but while that measure of control may be exercised to eliminate expenditures which the Board of Finance reasonably considers to be unwarranted or unnecessary, it may not be exercised so as to interfere with the Board of Health's lawfully enacted and effective ordinance

provisions for mandatory salary increments. See *Grosso v. City of Paterson, supra*, 55 *N. J. Super.*, at *p.* 175.
Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.