189 N.J. Super. 340 (1983)
460 A.2d 157
WILLIAM DE HAY, PLAINTIFF-RESPONDENT,
v.
TOWN OF WEST NEW YORK, A MUNICIPAL CORPORATION AND ANTHONY M. DE FINO, DIRECTOR, DEPARTMENT OF PUBLIC AFFAIRS THEREOF, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1983.
Decided March 29, 1983.
*341 Before Judges ARD, KING and McELROY.
Gerald S. Meisel argued the cause for appellants.
John Tomasin argued the cause for respondent.
*342 The opinion of the court was delivered by KING, J.A.D.
This appeal is taken from a final order awarding retroactive pay to plaintiff because of the municipality's failure to pay him the maximum salary in his range after he had been employed for five years. We affirm.
In November 1981 plaintiff, a sanitary inspector, filed his complaint alleging that defendants had failed to increase his salary to the maximum after he had been employed for five years, as required by N.J.S.A. 26:3-25.1. West New York resisted plaintiff's contention and further asserted laches as a defense.
On December 1, 1972 plaintiff began working as a sanitary inspector in the Health Department at a salary of $7,020 a year. The range for the position was $5,130 to $9,790 a year. In 1977 the maximum was increased by ordinance to $13,500. Plaintiff's earnings were

 1977 - $10,625
 1978 - $11,200
 1979 - $11,900
 1980 - $12,500
 1981 - $12,500

In his suit plaintiff sought to receive additional pay to bring his salary to $13,500 for each year beginning with December 1977 to the present. N.J.S.A. 26:3-25.1 provides
Every health officer and every sanitary inspector, plumbing inspector, food and drug inspector, milk inspector, meat inspector and public health laboratory technician holding a license as such issued in the name of the State Department of Health, who is employed as such by any board of health, municipality or group of municipalities shall receive his or her maximum salary in their respective salary ranges, within five years from the date of his or her appointment as such health officer, inspector or public health laboratory technician.
The issue involved in this case was raised in Howard v. Paterson, 6 N.J. 373, 376 (1951). The court in that case chose not to decide the issue in view of its ruling that the new salary ranges were invalid since they were passed by resolution instead of by ordinance. Id. at 378-379. There are no other decisions construing this statute.
*343 In our view, the proper interpretation of N.J.S.A. 25:3-25.1 is the one advocated by plaintiff and reached by the Law Division judge. In providing that sanitary inspectors and certain other employees "shall receive his or her maximum salary in their respective salary ranges, within five years from the date of his or her appointment," the statute does not qualify the phrase "maximum salary in their respective salary ranges" by adding words such as were "in effect at the time of appointment." We think the commonsense interpretation of this provision is that a sanitary inspector is entitled to whatever the maximum salary is at the time he has completed five years of service.
Defendants argue that this interpretation is contrary to public policy. They claim that reading N.J.S.A. 26:3-25.1 together with N.J.S.A. 26:3-26, which provides that a health inspector may only be removed for "just cause" after five years of service, suggests that the Legislature intended to provide a five-year probation period for health inspectors and if performance was satisfactory at the end of that period to reward the inspector by increasing his salary to the maximum in effect when he was hired. They argue that this is an increase which the municipality can anticipate and prepare for in determining its budget. Defendants further maintain that the court's interpretation deprives the municipality of discretion in fixing the salary of inspectors after the five-year period. The answer to this contention is that the purpose of the statute is precisely to remove the municipality's discretion with respect to the salary once the inspector has completed five years of service. Defendants argue that the court's interpretation would have the unfair result of requiring that an inspector with 25 years of service receive the same pay as an inspector employed for only five years. Yet, the interpretation suggested by West New York could result in an even more inequitable situation.
According to its interpretation, an inspector hired 25 years ago could be entitled to receive only the maximum salary in effect at the time of appointment which, in view of inflation, would probably be considerably less than the starting salary *344 established for inspectors hired today. If the municipality cannot afford to pay inspectors who have been employed for five years the newly-established maximum, it should not adopt an ordinance raising the maximum. Once it does adopt such an ordinance, it is bound to budget for such increases as must be paid to inspectors with five years of service.
Next, defendants argue that even if plaintiff's claim was valid, his four-year delay in pursuing the claim, $6,445 when suit was brought, calls for application of the doctrine of laches to bar relief. Laches involves "delay for a length of time which, unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party." West Jersey Title & Guar. Co. v. Industrial Trust Co., 27 N.J. 144, 153 (1958). In Lavin v. Hackensack Bd. of Ed., 90 N.J. 145 (1982), the Court set forth the following general principles with respect to laches
The length of delay, reasons for delay, and changing conditions of either or both parties during the delay are the most important factors that a court considers and weighs. Pavlicka v. Pavlicka, 84 N.J. Super. 357, 368-369 (App. Div. 1964). The length of the delay alone or in conjunction with the other elements may result in laches. Obert v. Obert, 12 N.J. Eq. 423, 428-430 (E. & A. 1858). It is because the central issue is whether it is inequitable to permit the claim to be enforced that generally the change in conditions or relations of the parties coupled with the passage of time becomes the primary determinant. That is why some courts have stated that the mere lapse of time is insufficient, though, as indicated above, that is an overstatement of the principle. Inequity, more often than not, will turn on whether a party has been misled to his harm by the delay. [at 152-153; citations omitted]
In this case the only reason suggested for plaintiff's delay was his reluctance to pressure his superior. Defendant West New York contends that if plaintiff had acted earlier, it could have determined that the expense was too great and terminated him or set aside additional funds to cover his claim. Defendant further argues: "We now have Cap limitations on the municipal budget. Plaintiff avers a claim which, if successful, will compel defendant to appropriate a substantial sum of money for this expense into one year's budget and thus cause a reduction of available municipal funds."
*345 This type of prejudice was recognized in Lavin, supra, which involved a claim by a teacher for retroactive pay based on her entitlement to military service credit under N.J.S.A. 18A:29-11. The teacher in that case did not claim the service credit due until nine years after her employment began. The court noted that both parties were apparently unaware of the statute but focused on the following circumstances in deciding to apply the doctrine of laches to bar the teacher's claim for retroactive pay
The Board of Education did not budget for the additional expense, relying as it did on its mistaken belief that petitioner's salary had been correctly computed. This, of course, implicates the Board's financial requirements and may have serious tax consequences. The situation is compounded when such budgeting occurred over a nine-year period.
Municipal financing is predicated on a pay-as-you-go principle. See Passaic v. Local Finance Bd. of the Dep't of Community Affairs, 88 N.J. 293, 301 (1982); Giorno v. Township of South Brunswick, 170 N.J. Super. 162, 166 (App.Div. 1979). The governing body must prepare a budget "on a cash basis." N.J.S.A. 40A:4-3. This entails a listing of proposed expenditures. By understanding its expenses, the Board of Education was innocently reducing the amount of funds to be raised by taxation. This situation was aggravated because the underestimating occurred for ten years. To rectify the error would necessitate including in the current budget the full aggregate amount claimed. This could have the dual effect of causing some other service to be diminished because of the limitations imposed by the Cap law, N.J.S.A. 18A:7A-25, and of imposing the complete tax burden on the existing taxpayer for costs that should have been distributed over a ten-year period. [90 N.J. at 153-154]
The court further mentioned that although petitioner's claim was for only $20,575, there were many other similar claims pending, and the total estimated state-wide exposure was at minimum over $4,500,000. Id. at 154. The court therefore deemed it necessary to declare a rule applicable to such cases, which was: "Under these peculiar circumstances, wherein public entities are involved, petitioner and others situated like her should not be granted retroactive monetary relief. However, they should be granted credit for qualified military service in computing their salaries subsequent to making their claims." Id. at 154-155.
Defendants similarly contend that other employees will make claims for retroactive salary adjustment and the economic burden on municipalities will be "enormous." However, there is no *346 evidence in the record to suggest that plaintiff's predicament is more than an isolated situation. Hence, we conclude that the prejudice which could be suffered by the municipality in this case is not comparable to that affecting the potential payors in Lavin, supra. Plaintiff's entitlement in this case amounts to only $6,455; the delay was four years instead of nine. Although the municipality did not budget for this expense because it, like the board of education in Lavin, supra, believed that plaintiff was being paid the proper salary, defendants do not here contend that they were unaware of the relevant statute.
We conclude that the trial court's decision, which granted plaintiff his right to retroactive relief but reduced his entitlement in order to offset at least some of the prejudice suffered by the municipality, is a fair result in this case. The court's decision to reduce plaintiff's back pay entitlement by 5% was a recognition of the Cap law requirement that "[i]n the preparation of its budget a municipality shall limit any increase in said budget to 5% over the previous year's final appropriations," subject to certain enumerated exceptions. N.J.S.A. 40A:4-45.3. While the court's remedy for the prejudice suffered by the municipality may not precisely offset any prejudice, it was an attempt to devise an equitable solution and did not constitute a reversible abuse of discretion. This ruling does not preclude the application of the doctrine of laches if other claims are brought in the future.
Plaintiff argues that this court should exercise its original jurisdiction and restore the 5% deducted by the trial court and thereby afford plaintiff complete relief. However, plaintiff has not filed a cross-appeal, and his position is based on the erroneous conclusion that Lavin, supra, held that only the statute of limitations and not laches could bar plaintiff's claim in this case. While the decision in Lavin is consistent with the proposition that plaintiff's claim is of the type subject to the six-year statute of limitations applicable to contract actions, 90 N.J. at 149-151, this does not mean that laches may not be invoked if the claim is brought within the statute of limitations period.

*347 Because laches is an equitable principle aimed to promote justice, conditions or circumstances may make it inequitable to prosecute a claim after a period shorter than that fixed by the statute of limitations. Thus where there has been an unreasonable delay, laches has been applied to defeat a claim despite the fact that the time fixed by the analogous statute of limitations has not passed. Patterson v. Hewitt, 195 U.S. 309, 319, 25 S.Ct. 35, 37, 49 L.Ed. 214, 218 (1904). Even if the cause of action in this case were deemed to be similar to a claim for breach of contract, it would be appropriate to consider the applicability of laches. [Id. at 152-153, n. 1].
We affirm the decision of the trial court.