DEPTFORD TOWNSHIP BOARD OF HEALTH, PLAINTIFF, v. DEPTFORD TOWNSHIP MAYOR & COUNCIL, DANIEL J. MASON, DEPTFORD TOWNSHIP MANAGER, AND TOWNSHIP OF DEPTFORD, DEFENDANTS.

Superior Court of New Jersey
Law Division Gloucester County

Decided February 1, 1985.

*Roland G. Hardy, Jr.,* for plaintiff.

*Eugene J. McCaffrey, Jr.,* for defendants (*Moss, Thatcher, Moss, McNeil & Ferreri,* attorneys).

MILLER, EDWARD S., J.S.C.

In this action in lieu of prerogative writs, the refusal of Deptford Township to allocate certain monies to its local board of health is challenged. At the hearing held on this matter, the parties stipulated the facts. This case, therefore, is ready for a final decision.

The facts were stipulated as follows. Since January 1977, the members of the Deptford Township Board of Health (board) have received compensation of $25 a meeting pursuant to a local ordinance. On April 12, 1984, the Deptford Township Mayor and Council (council) informed the board that this ordinance was inconsistent with *N.J.S.A.* 26:3–13 which provides for compensation to local board of health members in the amount of $2 a meeting. The council advised the board that in conformity with the statute, the board members would no longer receive $25 a meeting, but would receive the statutory amount.

On June 25, 1984, the board adopted an ordinance which designates each board member as a "special representative" of the board for the purpose of inspecting swine farms in Deptford Township. The ordinance states:

> Each member of the Board of Health shall be designated special representative for the purpose of inspecting swine farm building and premises and shall be compensated at an annual rate of $300.00 payable $25.00 per month. [Section 62–18]

The board submitted its 1984 budget to the council which included as line items $300 a year a member pursuant to the above quoted statute. This amounted to a total of $2,100 for the seven members of the board. The council, however, refused to make any disbursements to the board members pursuant to the swine farm ordinance. Since May 1984 there have been no swine farm inspections or permits issued to any swine farm in Deptford Township. In addition, in 1984, the council has discontinued its practice of paying compensation to all of the township's boards.

The board asks this court to order the council to release the monies payable to its members pursuant to the swine farm ordinance. In support of the relief sought, the board presents two arguments that the actions of the council are arbitrary and capricious.

The board first argues that it has the authority to pass this ordinance under the broad grant of powers given to it by the Board of Health Act (act). *N.J.S.A.* 26:3–1 *et seq. See Zullo v. Board of Health of Woodbridge Township,* 9 *N.J.* 431 (1952). Its argument is based upon reading two sections of the act in conjunction with each other. Under section 31 of the act, local boards of health are authorized to pass, alter or amend ordinances and make rules and regulations for the purpose of regulating the keeping of animals. *N.J.S.A.* 26:3–31(k). Section 19 of the act authorizes a local board to employ the necessary personnel to carry out its functions and to fix the "duties and compensation of every appointee." *N.J.S.A.* 26:3–19. The board argues that these two sections taken together give it the power to pass the ordinance at issue here.

The board's second argument is that the council may not arbitrarily refuse to appropriate money for the items set forth in the board's budget. The board relies upon the case of *Grosso v. City of Paterson,* 33 *N.J.* 477 (1960). In that case, the local board of health had given salary increments to its employees. The city, however, cut the board's estimated budg-

et by not providing for these salary increments. The Supreme Court held that while a local governing body is vested with some control over the amount of money to be appropriated to a local board, see *N.J.S.A.* 26:3–41, that control "may not be exercised so as to interfere with the Board of Health's lawfully enacted and effective ordinance provisions for mandatory salary increments." *Id.* at 485–486.

While this court recognizes the broad grant of powers given to the board, it finds the board's arguments unpersuasive in this context. It is the opinion of this court that the actions of the board are an attempt to circumvent the Board of Health Act. Consequently, the court holds that there is no legal authority for the board to designate and compensate its members as special representatives to the board.

The fact that the board has the authority to pass ordinances, rules and regulations in regard to public health, *N.J.S.A.* 26:3–2 and –31, does not give the board a blank check. This power is clearly limited by the fact that it cannot be exercised in a way which is inconsistent with state law. *See N.J.S.A.* 26:3–2.

Moreover, it is significant that there is only one provision in the act that provides for compensation to be paid to board members. *See N.J.S.A.* 26:3–13. Although this court would agree that the $2 compensation provided for is probably overdue for an increase, the authority to grant such an increase lies neither with this court nor with the board, but with the Legislature.

The court also does not agree that *Grosso, supra,* relied on by the board is applicable here. The Court in *Grosso* was faced with a situation in which the local board had granted salary increments to its *employees.* A local board of health is expressly given the authority to fix the salary of its employees by section 19 of the act. *N.J.S.A.* 26:3–19. The situation presented here, however, does not involve the compensation of the board's employees but of the members of the board which this court finds to be a totally different matter.

■ Turning next to the designation by the board of its members as special representatives for the purpose of conducting inspections of swine farms, the court finds no legal basis for such action. Admittedly, the board is granted the power to employ such personnel as is .necessary to carry out its functions, including health officers, technicians and various types of inspectors. *N.J.S.A.* 26:3–19. These appointees, however, are specifically made subject to the superior authority of the local board. *Ibid.* The implication of this statutory scheme is that the board members cannot serve as inspectors or health officers. Support for this view can be found in a case relied on here by the council, *Clay v. Civil Service Commission,* 88 *N.J.L.* 502, aff'd 89 *N.J.L.* 194 (E. & A.1916) which held:

> A careful reading of sections 9 and 31 of that act satisfies us that it does not contemplate the "status" of the official called a health officer, in any other light than as subordinate to the board of health and not as a member of it, or having a vote therein. [88 *N.J.L.* at 504–505]

Even more significant is that fact the board members are not qualified to perform inspections. Four of the members of the board were deposed, including the chairman, and none of them were licensed health officers nor knew of any board member who had a license to conduct inspections. Section 20 of the act clearly provides that:

> [n]o local board shall appoint any person as health officer, public health laboratory technician, sanitary inspector, food and drug inspector, milk inspector, meat inspector or plumbing inspector *nor employ a person to do work ordinarily performed* by a public health officer, public health laboratory technician, or an inspector of any of the classes named, *who is not the holder of a proper license as such.* [*N.J.S.A.* 26:3–20; emphasis supplied]

Thus, the board is required by law to act through duly licensed professionals. *See also N.J.A.C.* 8:51–1.1. This requirement recognizes the importance of safeguarding the health of the inhabitants of this State. This court, therefore, will not allow the creation of the title "special representative" to be used as a means to thwart the requirements mandated by the Legislature.

The court, therefore, holds that the ordinance in question is invalid and void. The Township of Deptford is not required to

appropriate the monies set forth in the ordinance. Accordingly, the complaint is dismissed.

Counsel for the Township of Deptford shall submit an appropriate order.