LILLIAN M. TRAINOR, RAY VRANICH, FRANK CAULFIELD, JE-
ANNINE GENDER AND PAUL STEPHENSON, PLAINTIFFS-
RESPONDENTS, v. BURLINGTON COUNTY BOARD OF CHO-
SEN FREEHOLDERS, DEFENDANT-APPELLANT, AND JOHN
SACCA, SUPERINTENDENT OF ELECTIONS, AND BURLING-
TON COUNTY BOARD OF ELECTIONS, DEFENDANTS-RE-
SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1987—Decided March 26, 1987.

Before Judges KING, DEIGHAN and MUIR, Jr.

*Carole A. Quattlander,* Assistant Burlington County Solicitor, argued the cause for appellant (*Michael J. Hogan,* Burlington County Solicitor, attorney; *Carole A. Quattlander* on the joint brief [1]).

*Schlesinger, Schlosser, Foy & Harrington,* attorneys for plaintiffs-respondents (*John E. Harrington* on the letter brief), submitted to the court on the letter brief.

*John L. Madden* argued the cause for respondents Rago and Norcross, members of the Burlington County Board of Elections (*Madden, Ferg, Barron & Gillespie,* attorneys; *John L. Madden* on the joint brief).

*Donna Kelly-Bocher,* Deputy Attorney General, argued the cause for the Attorney General (*W. Cary Edwards,* Attorney General, attorney; *Donna Kelly-Bocher* on the letter brief.

The opinion of the Court was delivered by

MUIR, J.A.D.

Defendant Burlington County Board of Freeholders appeals from a Law Division decision holding that it must accept the entire annual certified budget of third-party defendant Burlington County Election Board with no discretion to modify unless it successfully challenges the budget in a judicial proceeding.

The holding followed litigation reported at 200 *N.J.Super.* 288 (Law Div.1984) and resolved a claim by the election board,

---

[1]Counsel for appellant and counsel for respondents Rago and Norcross, members of Burlington County Board of Elections, filed a joint brief.

raised by way of notice of motion to enforce litigant's rights under *R.* 1:10–5, that the freeholder board had to accept its annual certified budget without modification.

The uncontested background facts are set out in the trial court's reported opinions at 200 *N.J.Super.* 288 and 211 *N.J.Super.* 498. Neither opinion, however, delineates the scope of the election board budget.

The election board, as part of its brief-appendix on appeal, provided its 1986 budget. The budget was as follows:

| | | |
|---|---:|---:|
| Salaries | | 109,000 |
| Postage | 100.00 | |
| Print Stat. & Office Supplies | 6,710.00 | |
| Off. Equip-Repair-Replace | 1,450.00 | |
| Travel-Mileage-Tolls-Lodging | 3,300.00 | |
| Food | 1,200.00 | |
| Equip-Repair & Maint. | 729.00 | |
| Office Equip Rentals | 200.00 | |
| Conventions & Conferences | 3,500.00 | |
| Dues | 450.00 | |
| Publications-Advertising | 14,286.00 | |
| Election Board Officers | 128,000.00 | |
| Polling Places | 13,200.00 | |
| Elect. Expense | 6,535.00 | |
| Maps | 1,000.00 | |
| OPERATING TOTAL: | 180,660.00 | |
| SALARIES TOTAL: | 109,000.00 | |
| 1986 BUDGET TOTAL: | 289,660.00 | |

The election board furnished no detailed breakdown of the lump sum for salaries. It did furnish some detail on some of the other expense items, but not for all.

The trial judge read *N.J.S.A.* 19:45–4 to provide the election board with total autonomy over its determination of annual fiscal needs. He thus concluded when the election board certi-

fied its annual budget, the freeholder board had no discretion over allocating funds for any item contained in the budget.

We conclude the trial judge gave too broad a construction to the statutory provisions. We hold that the plain language of *N.J.S.A.* 19:45–4 and related statutory provisions referred to therein, along with applicable provisions of the Local Budget Law, *N.J.S.A.* 40A:4–1 *et seq.*, demarcate requirements that certain items contained in an election board's certified annual budget are mandatorily fundable by the freeholder board while the freeholder board has discretion in the funding of other items.

## I.

The judicial method of ascertaining the meaning of legislation is circumscribed by certain well-defined canons. The predominant canon requires analysis of the plain language of the statute. *Watt v. Mayor and Council of Borough of Franklin,* 21 *N.J.* 274, 277 (1956). If the language is clear, we are not free to prescribe a meaning beyond it, for to do so would violate the separation of powers doctrine. *Id.* Consequently, our role is constrained so as to avoid appending or going beyond what the plain language prescribes.

*N.J.S.A.* 19:45–4, in its pertinent part, provides:

> All costs, charges and expenses incurred by the ... county board [of elections] ... *in carrying out the provisions of this title* and the salaries of the members of the county board ... and compensation for extra services of the clerk and other employees of the county board and the compensation of the members of the district boards, *except as herein otherwise provided,* shall be paid by the county upon certification by the ... county board.... [Emphasis supplied].

The language of the statute does not vest the election board with absolute discretion to determine its fiscal needs. The wording does not have the breadth of the statutes reviewed in the cases relied upon by the trial court. *See Sewell v. Hudson County,* 126 *N.J.L.* 186, 189 (Sup.Ct.1941) (addressing *N.J.S.A.* 19:31–2 which requires the county treasurer to pay all necessary expenses as and when certified by the Commissioner of

Registration); *Keenan v. Bd. of Chosen Freeholders, Cty. of Essex*, 105 *N.J.Super.* 271, 282 (App.Div.1969) (also addressing *N.J.S.A.* 19:31-2); *Nolan v. Fitzpatrick*, 9 *N.J.* 477, 481-82 (1952) (addressing *N.J.S.A.* 27:17-7 which requires Boulevard Commissioners to "requisition in writing ... moneys necessary to enable the commissioners to carry out the purpose of this chapter" and directs the freeholders to "raise the amount"). It does not have the total subjectivity of the determination of what is necessary to financially operate the election board for a fiscal year found in statutes addressing other operations funded by local governments. *Compare N.J.S.A.* 18A:22-14, -19, -26, -30 and -33 (which refer to certifications to municipal funding agencies requiring funding "necessary to be appropriated for the use of the public schools in the district for the ensuing year" or similar language) *with N.J.S.A.* 19:45-4; *see also Grosso v. Paterson*, 33 *N.J.* 477 (1960) (addressing *N.J.S.A.* 26:3-41 and -42 which refer to estimates by local boards for appropriations which it "believes necessary for health purposes" which the local governing body must appropriate).

Instead, the language of *N.J.S.A.* 19:45-4 limits certifiable costs, charges and expenses to those related to carrying on the duties Title 19 reposes in the election board and further excepts any certifiable costs, charges, expenses and salary categories delineated from mandatory funding by the freeholder board where other sections of Title 19 so provide.

Certifiable costs, charges and expenses must relate to the duties of the election board. Those duties are generally: appointment of district board members; supervision, discretion and authority over district boards; supervision and direction over all polling places for all primary, general and special elections, including the selection of premises for those polling places; handling absentee ballot requests and counting and canvassing those ballots; conducting rechecks of machines and recounts and participating as members of the county board of canvassers. A comparison of the 1986 certified budget and the duties enumerated reflect that items such as conventions and

conferences, dues, food and perhaps travel-mileage-tolls-lodging do not involve expenses sufficiently related to those duties to proscribe the exercise of funding agency discretion. As to the last category, the record does not provide sufficient detail for clear determination. However, any expense to fall within the mandated funding provision must have a reasonably direct bearing on the exercise of the duties of the election board. To hold otherwise would remove funding authority from the agency primarily vested with it under the Local Budget Law. Further, to hold otherwise would go contrary to the language of the statute.

That language, as noted, qualifies the certifiable expense items delineated with the provision "except as herein otherwise provided."

The first notable qualification is on the salaries of board members themselves. Under *N.J.S.A.* 19:45–7, a salary range is set for election board member compensation. Selection of the salary within that range is within the freeholder board discretion. Additionally, whether the salary of election board members even reached that range as a result of the language of *N.J.S.A.* 19:45–7, is a matter for the discretion of the freeholders. This is manifested by the provision "any increases herein granted shall be effected only upon approval of the governing body in. the county." Consequently, within the restrictions noted, the salaries of election board members are subject to freeholder discretion.

A similar amount of freeholder board discretion exists in setting basic salaries of election board employees and the board clerk. *N.J.S.A.* 19:45–4 governs election boards in counties of all classes. It makes no distinction between first class and other class counties. Thus, its provisions are qualified by *N.J.S.A.* 19:6–17 which provides in first class counties that the salaries of the election board clerk above $5000 and the salaries of other election board employees are to be as "recommended by the county board and approved by the board of chosen

freeholders." If the qualification exists for first class counties, it should have commensurate application to other class counties. We see no reason why such approval should not apply to second class counties such as Burlington, although Title 19 does not specifically authorize a clerk to the election board in other than first class counties nor mention the county board employees' salaries in other than first class counties.

Some related statutes, however, do not qualify or limit the scope of certifiable election board needs. In such instances, the freeholder board has no discretion as to funding. The salaries of district board members, *N.J.S.A.* 19:45–6 and –6.1; the suitable office or offices, furniture and such other equipment as the election board "deems necessary," *N.J.S.A.* 19:6–21; and rental expense for polling places, *N.J.S.A.* 19:8–3, fall outside freeholder funding discretion.

Consonantly, the absence of any qualifying related statute makes an item delineated in *N.J.S.A.* 19:45–4 certifiable and free from freeholder discretion. The one item we find in this category, other than as noted, is the extra services of election board clerks and employees.

The freeholders argue that they have total discretion over the entire election board budget, being required only to pay what the election board certifies as the expenses are incurred. While we recognize *N.J.S.A.* 19:45–4 uses the word "incurred" suggesting payment after the election board is obligated for a debt due to its operation, we find such a construction inconsistent with and contrary to the Local Budget Law.

The Local Budget Law, *N.J.S.A.* 40A:4–1 *et seq.*, requires the freeholders to operate on a cash basis sufficient to meet necessary operating costs. *N.J.S.A.* 40A:4–2 and –3. It further proscribes the incurring of expenses or liabilities for which no appropriation was made in the county budget. *N.J.S.A.* 40A:4–57. Additionally, if a line item is underfunded, only during the last two months of the year may the freeholders transfer funds from an item where there are excess funds to the underfunded

line item in order to be able to order and pay for that latter item. *N.J.S.A.* 40A:4–58.

Thus, if the freeholders in exercise of their argued-for total discretion, failed to fund for a mandatory item essential to the election board's operation, or underfunded such an item for which payment would be due well before the time for transferring funds (such as the salaries of district board members for primary elections which are due within 30 days of submission of a voucher, *N.J.S.A.* 19:45–6.1) it would be in direct violation of the Local Budget Law if it paid the monies when due.

Consequently, the freeholder board must, in its annual operating budget, provide for those certifiable costs, charges, expenses and salaries that fall within the mandated categories we have delineated.

In summation, we conclude that the Legislature did not by the language of *N.J.S.A.* 19:45–4 give to the election board complete autonomy over its entire annual fiscal needs. It made certain categories of costs, charges, expenses and salaries exempt from freeholder board discretion, while leaving other items open to limited or complete discretion of the board.[2]

## II.

Disputes between the respective boards regarding the reasonableness of mandated budget items and budget requests not covered by the mandates, will, as the trial court suggests, be resolvable by actions in lieu of prerogative writs.

While an action in lieu of prerogative writs is always available to local governments and their agencies, we would be remiss to suggest any exclusivity in that source for relief. Resource to negotiation and compromise is also available.

---

[2]In submission of future budgets, the election board, to support those items *it claims to be certifiable and not subject to freeholder discretion, should* delineate the specific statute reposing the responsibility underlying any budgeted item.

Both of the boards involved secure their funding from monies collected from the taxpayers of the county. Consequently, in any court dispute, the legal fees, court and related expenses are shouldered by the taxpayer. The alternative to incurring such expenses is negotiation and compromise in an atmosphere of reasonableness.

The judgment of the trial court is reversed and remanded for entry of judgment in accordance herewith.

IN THE MATTER OF N.J.A.C. 14A:20–1.1 ET SEQ.,

IN THE MATTER OF N.J.A.C. 14A:20–1.9.