THOMAS MIZERAK, TEOFIL WEBER, JOSEPH BUSCO, DOUGLAS M. SHEEHAN, KATHERINE ANTONITIS, MARY ANN CASTELL, THERESA H. SETTLECOWSKI, TERENCE J. BRUNDAGE, PETER J. HYLKEMA, GARY S. LANDIAK, HARRIETT ZIVIN, PATRICIA A. ELLIOT, ANN M. SCOTT, KATHLEEN DONAHUE, KAREN SCOTT, MICHAEL GROSS, AND DAVID BATHA, PLAINTIFFS-RESPONDENTS, v. COUNTY OF MIDDLESEX, NEW JERSEY, A GOVERNMENTAL BODY POLITIC AND CORPORATE OF NEW JERSEY; THE BOARD OF CHOSEN FREEHOLDERS OF SAID MIDDLESEX COUNTY, N.J.; NAMELY STEVEN J. CAPESTRO, DIRECTOR, THOMAS F. BOYLAN, III; DAVID E. CRABIEL, J. THOMAS CROSS, VINCENT R. MARTINO, DOROTHY K. POWER AND DONALD J. WERNIK; THE COUNTY ADMINISTRATOR OF SAID MIDDLESEX COUNTY, N.J.; NAMELY, JOHN J. MCHUGH; AND THE DEPARTMENT OF HEALTH OF SAID MIDDLESEX COUNTY, N.J., A DEPARTMENT OF SAID COUNTY, JOINTLY AND SEVERALLY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted October 3, 1988—Decided February 10, 1989.

Before Judges BAIME and D'ANNUNZIO.

*John J. Hoagland,* Middlesex County Counsel, attorney for appellants (*Gale P. Paley,* Assistant Middlesex County Counsel, on the brief).

*John Tomasin,* attorney for respondents.

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Plaintiffs, employed by the Middlesex County Health Department as sanitary inspectors, commenced this action for a declaratory judgment that they are entitled to the benefit of *N.J.S.A.* 26:3–25.1 (hereinafter § 25.1) which provides that sanitary inspectors and others employed "by any board of health, municipality or group of municipalities shall receive his or her maximum salary in their respective salary ranges, within five years of the date of his or her appointment...." [1] *See DeHay v. West New York,* 189 *N.J.Super.* 340 (App.Div.1983), certif. den.,

---

[1] The full text of the statute is:

Every health officer and every sanitary inspector, plumbing inspector, food and drug inspector, milk inspector, meat inspector and public health laboratory technician holding a license as such issued in the name of the State Department of Health, who is employed as such by any board of health, municipality or group of municipalities shall receive his or her maximum salary in their respective salary ranges, within five years from the date of his or her appointment as such health officer, inspector or public health laboratory technician.

94 *N.J.* 591 (1983), applying this statute to benefit a sanitary inspector employed by a local board of health. In addition to a judgment establishing their entitlement to the maximum salary in the range and to back pay based on the maximum salary for prior years, plaintiffs also seek benefits, such as employer pension contributions, for prior years calculated on their corrected salaries.

Defendants contend that § 25.1 is not applicable to employees of a county health department created pursuant to *N.J.S.A.* 26:3A2–1 *et seq.*

On cross motions for summary judgment, the Law Division judge ruled that the "clear and unambiguous language of the Legislature ... makes it clear that the county board is a local board within the meaning of § 25.1 and bound by it" and entered judgment for plaintiffs. Defendants appeal, and we now reverse.

The Middlesex County Board of Chosen Freeholders created the Middlesex County Health Department (department) by its resolution of April 6, 1978, adopted pursuant to the Local Health Services Act (the Act). *L.*1975, *c.* 329, as amended by *L.*1977, *c.* 443, now codified as *N.J.S.A.* 26:3A2–1 *et seq.* The Act's objective is the delivery of health services by areawide health agencies as an alternative to the delivery of such services by local boards of health. Thus, two statutory health services schemes exist; the traditional system which relies on local boards of health to provide health services, *N.J.S.A.* 26:3–1 *et seq.*, and the areawide system established by the Act, *N.J. S.A.* 26:3A2–1 *et seq.* The Act requires every municipality to provide health services in compliance with certain performance standards. These services may be provided directly by a local board of health, the traditional system pursuant to *N.J.S.A.* 26:3–1 *et seq.*, or through a regional or areawide system, such as a county health department. *N.J.S.A.* 26:3A2–10.

The Act provides for the establishment, by the freeholders, of a county board of health, *N.J.S.A.* 26:3A2–4, authorized to

exercise all the powers of a local board of health, *N.J.S.A.* 26:3A2–3c. and 5c., including the power to adopt, amend and repeal health ordinances, *N.J.S.A.* 26:3A2–8. Initially, the Act required the establishment of a county health department *by the county board of health.* *L.*1975, *c.* 329, § 6, now codified at *N.J.S.A.* 26:3A2–6a. The 1977 amendment empowered any board of freeholders to establish a county health department directly, without creating a county board of health. *L.*1977, *c.* 443, § 5, now codified as *N.J.S.A.* 26:3A2–6b. Middlesex County Board of Freeholders' April 6, 1978 resolution clearly expressed an intent to avoid creation of a county board of health and to take advantage of chapter 443 by directly establishing a county health department.

The department performs health services for 18 Middlesex County municipalities, but these services are performed pursuant to individual contracts between each participating municipality and the Middlesex County Board of Chosen Freeholders. Each participating municipality contracts to pay a specified annual sum to the county for these health services. The department's budget, including the salaries of its employees, such as the plaintiffs, is established and funded by the freeholder board, and the department is not empowered to adopt, amend and repeal health ordinances.

Thus, although the department provides services to municipalities, the department is not a local or county board of health. Consequently, the department is not covered by the plain language of § 25.1 which applies only to "any board of health, municipality or group of municipalities." Moreover, the history and rationale of § 25.1 indicates that it does not apply to the department.

The current statute establishing and regulating local boards of health, *N.J.S.A.* 26:3–1 *et seq.*, was originally enacted in 1887. *L.*1887, *c.* 68. *See generally Grosso v. Paterson*, 55 *N.J.Super.* 164 (Law Div.1959), for a brief history of this

legislation. The statute at issue, § 25.1, was added in 1947, *L.*1947, *c.* 181, § 5, and amended in 1950, *L.*1950, *c.* 119, § 8. At the time § 25.1 was enacted, New Jersey officials and citizens interested in health issues were concerned that local boards of health, particularly local boards outside the state's urban areas, were not adequately fulfilling their statutory responsibilities. *Interim Report of the Governor's Committee on Local Health Administration* (1950) (hereinafter *Interim Report*). *See also County and Municipal Government Study Commission, Community Health Services: Existing Patterns–Emerging Trends* (1974) (hereinafter *Study Commission*).

The *Interim Report* attributed the local boards' poor performance to inadequate resources and their municipalities' reluctance to provide adequate funding. *Interim Report,* pp. 3–5. A perceived solution was to encourage establishment of larger local health units to "yield enough revenue to finance competent, full-time staff in adequate numbers and with sufficient funds to enable them to operate effectively." *Interim Report,* p. 4. *See also Interim Report* pp. 13–14. Recognition of the sub-par performance of local health units predated 1950. The *Interim Report* described the history of attempts to improve the system since 1887 through proposed legislation authorizing larger, and more professional, health districts. *Interim Report,* pp. 7–10. *See Study Commission,* for a similar history. The legislature responded to the *Interim Report* by enacting the Local Health Districts Act, 1951, *N.J.S.A.* 26:3A1–1 *et seq.* (repealed by *L.*1975, *c.* 329, § 21), which evolved into the Local Health Services Act, *supra,* the authority for creation of the Middlesex County Health Department.

Section 25.1 preceded the *Interim Report,* but must be considered in context with the history of health legislation described in the report and with a 1943 statute. Prior to 1943, the 1887 act tied a local board's annual appropriation to its

municipal population. Section 34 of the act[2] provided that if a local board's budget request did not exceed "a pro rata of five cents for each inhabitant as returned by the last preceding census, the same shall be allowed" by the municipal governing body. The governing body had the option to exceed the five cents per capita limitation. Section 34 did not apply to townships. Section 35 allowed township boards of health $100 per year and $50 for each 1,000 inhabitants over 2,000. But a township board of health could *request* an additional appropriation only "in case of any emergency or of any special need for the protection of the public health."[3]

In 1943, the Legislature modified these limitations by enacting *L.*1943, *c.* 115, codified as *N.J.S.A.* 26:3–41 and 43. Chapter 115 provided that the local board of health of each municipality, including townships, "shall each year ... present to the governing body of the municipality, an estimate of the appropriation which it believes necessary for health purposes. The governing body shall appropriate the amount of such estimate or such other amount as it may determine." In *Grosso v. Paterson,* 33 *N.J.* 477 (1960), the Court ruled that *N.J.S.A.* 26:3–41 and 43 did not authorize a municipal governing body to interfere with a board of health's lawfully enacted salary ordinance, although the Court did recognize that the statutes vested in a municipality "a measure of control over the amount to be appropriated to the Board of Health" other than salaries. *Id.* at 485.

*Grosso* exemplified one barrier to effective health services, the friction between a local board of health and the governing body of its municipality. Although local boards of health are vested with substantial responsibility and are given the power to employ appropriate personnel and to enact and enforce health ordinances, *N.J.S.A.* 26:3–1 *et seq.*, the money necessary to fulfill their statutory responsibilities must be appropriated

---

[2]*L.*1887, *c.* 68, section 34.

[3]*L.*1887, *c.* 68, section 35.

by their municipal governing bodies. As previously indicated, in 1950, the *Interim Report* highlighted the inadequate funding of local health boards as an important reason for their short-comings. Thus, the 1943 amendment, which *Grosso* construed, and the 1947 and 1950 statutes which enacted § 25.1, strengthened local boards in their annual fiscal conflict with municipal governing bodies,[4] enabling them to provide better professional health services.

In the present case, in addition to the department's not falling within the plain language of § 25.1, § 25.1's rationale is not applicable. The department is a large health unit with the resources to fulfill its responsibilities, and it is free of the fiscal conflict which exists when one legislative body establishes salary ranges and another body appropriates the funds.

We conclude, therefore, that § 25.1 is not applicable to the Middlesex County Health Department and the judgment below is reversed.

---

[4]Indeed, § 25.1 makes more legislative sense in the context of a power conflict between two legislative bodies, *e.g.*, a board of health and a municipal governing body, than it does when one body establishes the salary range and also appropriates the funds. In the latter case, § 25.1 could be easily avoided by limiting the maximum salary in the range.